No. 14976

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

RILEY G. CAREEK, d/b/a
SILVERTIP CONSTRUCTION CO.,

Plaintiff and Respondent,

vs.

EUGENE AYER,

Defendant and Appellant,

and

SIMKINS-HALLIN, INC.,

Intervenor.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.
In and For the County of Gallatin.

Counsel of Record:

For Appellant:

Berg, Morgan, Coil & Stokes,  Bozeman, Montana

For Respondent:

Drysdale, McLean, Screnar and Cok, Bozeman, Montana

---

Submitted on briefs: April 3, 1980

Decided: July 22, 1980

Filed: **JUL 23 1980**

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an award of attorney fees by a property owner who successfully defended against an attempted mechanic's lien foreclosure.

Plaintiff Carkeek, the lienholder, sued defendant Ayer, the lienee, to foreclose a lien for $6,200 for labor and materials furnished in constructing two barns on the latter's property. The lienee resisted the attempted foreclosure and counterclaimed for approximately $6,000 damages for defective workmanship, ruined hay and other expenses.

Following a bench trial, the District Court entered judgment for the lienee on the attempted foreclosure, awarded him $3,311.50 damages on his counterclaim and granted him attorney fees and costs to be determined at an appropriate hearing. Following this hearing in which the lienee sought attorney fees of $5,773.20, the District Judge awarded him $3,000 attorney fees and $605.92 costs. The District Judge filed this memorandum accompanying his order:

> "This Court is convinced that the attorney, Michael C. Coil, is entitled to Fifty Dollars ($50.00) per hour for attorney's fees; that he has spent a total of One Hundred Forty-four and thirty-three (144.33) hours in this cause, and his deduction of Ten Dollars ($10.00) per hour resulting in a fee of Forty Dollars ($40.00) per hour is most fair; that Five Thousand Seven Hundred Seventy-three and 20/100 Dollars ($5,773.20) is a reasonable fee; however, the defendant (sic) in this cause has been almost helpless in this litigation through the continued delays and

at least two attorneys. His first attorney, Mr. Tom Sabo, was not prompt or professional in his preparation of the case nor in his representation of plaintiff; this delay and confusion was almost beyond belief. The plaintiff is now faced with loss of his law suit.

"To now insist on the payment of attorney's fees of Five Thousand Seven Hundred Seventy-three and 20/100 Dollars ($5,773.20) and his own attorney's fees would be most unreasonable."

The lienee appeals from the award of only $3,000 attorney fees, contending that he is entitled to $5,773.20, the amount the District Court found to be a reasonable fee.

A party who successfully defends against a foreclosure action must be allowed a reasonable attorney fee in both the District Court and the Supreme Court. Section 71-3-124, MCA. In determining what constitutes a "reasonable fee" in a given case, we have set down the following guidelines:

"' . . . The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys. . . The result secured by the services of the attorneys may be considered as an important element in determining their value.'" First Security Bank v. Tholkes (1976), 169 Mont. 422, 429-30, 547 P.2d 1328, 1332.

Within these guidelines, the amount fixed as attorney fees is largely discretionary with the District Court. We will not disturb its judgment in the absence of an abuse of that discretion. We have previously stated the applicable principles in this language:

"This Court is well aware of its role when asked to look into matters of abuse of discretion of the trial court and we have noted the number of cases and other citations given us by the parties. We feel an approved composite position simply stated would be: a reviewing court is never justified in substituting its discretion for that of the trial court. In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice." Porter v. Porter (1970), 155 Mont. 451, 457, 453 P.2d 538, 541.

- 3 -

We note that a reasonable attorney fee must be awarded for the successful defense of the foreclosure action by virtue of section 71-3-124, MCA. There is no statutory provision for an award of attorney fees in successfully prosecuting the counterclaim for damages. Costs are recoverable on the counterclaim, sections 25-10-101(3), 25-10-102, and 25-10-201, MCA; but attorney fees are not recoverable costs in the absence of statute or contractual agreement of the parties. Winer v. Jonal Corp. (1976), 169 Mont. 247, 545 P.2d 1094, and cases therein cited.

Applying the foregoing principles to this case, we cannot say that the District Court abused its discretion in reducing the lienee's claim for attorney fees from $5,773.20 to $3,000. A reasonable attorney fee in a given case does not necessarily result from simple multiplication of the hours spent times a fixed hourly rate. To award an attorneys fee of $5,773.20 in defending against a $6,200 claim would appear most unreasonable regardless of the time spent, the skill involved in the work, the experience of the attorney and similar considerations. The defense simply is not worth a fee approaching 100% of the amount of the lien.

We interpret the District Court's memorandum as saying that while a fee of $5,773.20 is fair and reasonable, it would be unreasonable to assess this entire amount against the lienholder under the circumstances of this case. We agree. We find no abuse of discretion by the District Court.

Affirmed.

_Frank I. Haswell_
-----------------------------
Chief Justice

- 4 -

We concur:

_____

John Conway Harrison

_____

_____

Justices

Mr. Justice John C. Sheehy dissenting:

In approving the attorneys fees of $3,000 here, the majority approves their pay at the rate of $20.75 per hour. That rate is unconscionable! It is unreasonable in the sense that it defies reason. It means that the successful attorney, if his client does not make up the difference, will have to sustain the deficiency, or recover a proper amount from other clients in his office by charging them greater fees to make up his loss.

Let me state a lesson in law office economics. A lawyer in private practice, five years out of law school, and not a parttime retiree, who is not grossing $30,000 a year in fees should seek some other business. At a point where a lawyer's gross fees exceed $40,000 per year, he begins to be an economic unit. As a general rule of thumb, it can be assumed that from $40,000 to $100,000 per year in gross fees, his costs of doing business, including office rent, library, employees' wages, and general office expenses will exhaust 50 percent of the gross fees that he will earn.

In theory, a lawyer who practices on a fee basis of charging for his time has a possible 2,000 hours per year for which he could send bills. In reality, however, the time a lawyer will spend in professional upgrading, community service, and general office management will reduce the billable time to clients to about 60 percent, or 1,200 hours per year. The minimum, therefore, that any lawyer worth his salt should charge for his time is $50 per hour. At that rate, there is no danger that he would accumulate much of an estate.

In this case, the attorneys possibly out of deference to the District Court, reduced the claimed fee of $50 per hour by 20 percent to $40 per hour. It was the latter

-6-

figure that gave rise to the fee of $5,773.20.  Then, after finding that the fee the attorneys claimed was "most fair" the District Court sliced that fee nearly in half to a sum that I would consider most unfair.  The reasons given by the District Court, and now endorsed by this Court for this slicing are that the plaintiff had attorneys who did not serve him properly or that the attorneys were not professional in their work for the plaintiff.  The attorneys were selected by the plaintiff, yet it is the defendant and his attorneys who are required by the court to pay the price.

It is no answer to say that the claimed fee approached 100 percent of the lien claim against the defendant in this case.  The defendant's alternatives were to either hire an attorney and defend against a claim, or pay the $6,200.00. He had little choice.

I would reverse by reinstating the fee that the District Court found reasonable to be awarded here.

--------------------------------