NO. 81-54

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

ROBERT L. JOHNSON,

Plaintiff and Respondent,

vs.

FRANCIS TINDALL,

Defendant and Appellant.

Appeal from: District Court of the Tenth Judicial District,
In and for the County of Fergus.
Honorable Joseph B. Gary, Judge presiding.

Counsel of Record:

For Appellant:

Parrish, Knopp & O'Hare, Lewistown, Montana

For Respondent:

Leonard McKinney, Lewistown, Montana

Submitted on briefs: July 16, 1981

Decided: October 29, 1981

Filed: OCT 29 1981

_Thomas J. Kearney_
                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Attorney Robert L. Johnson brought this action in the District Court, Tenth Judicial District, Fergus County, to recover attorneys fees and costs charged to Francis Tindall for legal services. The complaint containing two separate claims was filed on December 21, 1979. On January 14, 1980, default judgment was entered against defendant Tindall. Later that day, Tindall filed a motion to dismiss, an answer, and a motion to set aside the default.

After considering the brief, affidavits and memoranda of the parties, the District Court granted defendant's motion to set aside the default, stating a denial "could be interpreted as the judicial and legal profession acting in concert against lay people."

Johnson's claims were tried to the court without a jury. Judgment in the total of $15,293.77 was entered for the plaintiff on October 30, 1980. Defendant filed a notice of appeal from that judgment on November 18, 1980 and supersedeas bond was posted by Tindall on November 21, 1980.

There are two issues for this Court:

(1) Did the trial court err by awarding Johnson attorneys fees of $10,000 and costs of $1,868 on two related cases in Missoula and Sanders Counties?

(2) Did the trial court err by awarding pre-judgment interest to Johnson on his fees and costs in those cases?

Tindall, a contractor, used Johnson's services in numerous legal matters for 15 years. Early in the lawyer-client relationship, Johnson billed Tindall for his services at the completion of each matter.

-2-

In 1977, Tindall became heavily involved in litigation which required a substantial portion of Johnson's professional time. Johnson advised Tindall by letter on September 23, 1977, that the litigation was extensive enough that he would have to bill Tindall each month for work done during the month. In the spring of 1978, he requested a $5,000 retainer for his services in connection with Tindall's litigation against Richard H. Williams and Atlas Concrete and Paving, Inc., in Missoula and Sanders Counties.

This litigation is the basis of Johnson's first claim. It arose after Clark Fork Paving, a corporation controlled by Tindall, sold approximately $250,000 worth of heavy equipment to Williams and his corporation, Atlas Concrete. Clark Fork had purchased some of the equipment from Inland Terminal Warehouse Company, a subdivision of J. R. Simplot, and approximately $45,000 was still owed on it. Tindall did not seek any legal advice on the deal, and no written agreements were made. Clark Fork turned over the equipment to Atlas along with an assignment of its rights in the Simplot contract.

When he was not paid by Atlas, Tindall employed Johnson who brought action in Sanders County, for Clark Fork against Atlas and Williams, alleging fraudulent conversion and cancellation of the assignment of Simplot's contract rights from Clark Fork to Atlas.

After Simplot sent notice of default against Atlas to Clark Fork, Johnson advised Tindall to buy Simplot's contract rights for $31,682.23. He then proceeded against Atlas and Williams in Missoula County for repossession of the equipment. The purpose of the purchase from Simplot was to cut off Atlas' right of redemption.

-3-

Johnson's second claim arose out of a collection suit brought against Tindall in Fergus County by Audit Services Company. That litigation was handled by Johnson's associate, Torger S. Oaas, who billed Tindall $4,071.14 for costs and services on the case which had been tried, but not finally determined.

On or about May 25, 1978, Tindall entered Johnson's office and gave him a check for $2,500, saying "maybe this will keep you in beans for awhile." Johnson expressed his dissatisfaction with this payment amount and applied it on account for the Audit Services case, leaving a balance there of $1,571.14.

On May 31, 1978, Johnson prepared an itemized statement of services and expenses in the Atlas cases for the sum of $13,949.28 and sent it to Tindall. No payment had been made when, in July 1978, Johnson demanded payment and Tindall refused to pay, objecting to the size of the bill and the lack of results. The parties then agreed that Johnson's services would terminate as of August 1, 1978.

During the period of negotiations in the Atlas case, Johnson did receive an offer of settlement from Atlas, dated February 16, 1978, for $80,000, in addition to release of the nearly $32,000 that Tindall had deposited with the District Court in Missoula. That offer was not accepted by Tindall.

On Johnson's first claim, regarding legal services in the Atlas cases, the trial court awarded $10,000 in attorneys fees, reducing the $12,240 Johnson had billed Tindall. It also awarded costs of $1,868 and interest on the claim at the rate of 6 percent per annum from August 1, 1978.

On the second claim, the Audit Services case, the trial court awarded fees and costs of $1,588.74, plus interest thereon from May 1, 1978.

We affirm the findings and conclusions of the District Court and the judgment against Tindall entered thereon.

There is no dispute that Johnson spent the hours claimed on the Atlas cases. The District Court reduced the fee, which had been computed at $50 per hour partly because Tindall would need to obtain the services of other attorneys to complete the cases, and also in consideration of factors we first set out in Forrester v. Boston M. Consol. Copper & Silver Min. Co. (1904), 29 Mont. 397, 409, 74 P. 1088, 1093:

> "The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys.. . . The result secured by the services of the attorneys may be considered as an important element in determining their value."
> Also quoted with approval in Means v. Montana Power Co. (1981), ___ Mont. ___, 625 P.2d 32, 38, 38 St.Rep. 351, 357; Carkeek v. Ayer (1980), ___ Mont. ___, 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1275-1276; First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429-430, 547 P.2d 1328, 1332; Crncevich v. Georgetown Recreation Corporation (1975), 168 Mont. 113, 119-120, 541 P.2d 56, 59.

The District Court also expressed difficulty in establishing attorneys fees based solely on an hourly rate, and cites Carkeek. There we stated that "a reasonable attorney fee in a given case does not necessarily result from simple multiplication of the hours spent times a fixed hourly rate." 613 P.2d at 1015, 37 St.Rep. at 1276. However, it is a good place to start.

The District Court stated that the Atlas cases were complicated, requiring skill in handling. It also observed during the course of the trial, that Johnson pursued these cases diligently. A great deal of time and travel were involved.

-5-

In fact, there is substantial basis in the record for awarding all of the claimed fee asked by Johnson. Johnson asks that we review the decision to reduce the fee under Rule 14, M.R.App.Civ.P. However, absent a cross-appeal by Johnson, we cannot review.

Although Rule 14 provides for review of matters by cross-assignment of error, this does not eliminate the necessity for cross-appeal by a respondent who seeks review of rulings on matters separate and distinct from those sought to be reviewed by the appellant. Francisco v. Francisco (1948), 120 Mont. 468, 470, 191 P.2d 317, 319. A respondent who has not cross-appealed may not seek a determination of the amount involved more favorable to him than that made by the court below. Mechanics Universal Joint Co. v. Culhane (1936), 299 U.S. 51, 58, 57 S.Ct. 81, 84-85, 81 L.Ed. 33, 38. 5 Am.Jur.2d Appeal and Error, § 707.

On the second issue, interest is properly allowed on an attorney's claim for services rendered. Hagerty v. Hall (1959), 135 Mont. 276, 283, 340 P.2d 147, 151.

Johnson's claim is set forth in terms of an account stated, the basic ingredient of which is "an agreement that the items of the account and the balance struck are correct, with an agreement express or implied for the payment of such balance." Gordon Campbell P. Co. v. Gordon Campbell-Kevin Syndicate (1926), 75 Mont. 261, 268, 242 P. 540, 541. Implied agreement for the payment of the balance can be presumed where there is a course of dealings, an antecedent indebtedness, and retention of a statement of the account for an unreasonable length of time without objection. Montana Seeds, Inc. v. Holliday (1978), 178 Mont. 119, 124, 582 P.2d 1223, 1226.

-6-

Here, Tindall retained the bill for a significant amount of time although he did object to the amount of the bill in July 1978. Where the amount owing is in dispute, it appears that interest is chargeable only from the time that the fees became liquidated. Kennedy v. Clausing (1968), 74 Wash.2d 483, 445 P.2d 637, 644.

The District Court, while finding the fee in dispute, awarded interest with little discussion. It did note that no argument was ever made that the imposition of interest was not correct in this case. In fact, the findings of fact and conclusions of law proposed by appellant Tindall call for interest at a rate of 6 percent to run from the same dates as those eventually decreed by the court.

The statutory rate of interest on an account stated is also 6 percent, section 31-1-106(1)(b), MCA.

Tindall did not dispute the number of hours claimed, nor indeed the rate of $50 per hour. At trial, he did not dispute the assessment of interest, nor did he make a motion for a new trial. We will not review his assignment of error on that basis here. This Court has repeatedly held that claimed error must be raised in District Court and may not be urged for the first time on appeal. Kearns v. McIntyre Const. Co. (1977), 173 Mont. 239, 251, 567 P.2d 433, 440; Pickett v. Kyger (1968), 151 Mont. 87, 94, 439 P.2d 57, 61.

The appeal of this case borders on the frivolous, and exemplifies an apparent intent on the client's part to avoid or delay his just obligations.

The judgment of the District Court is affirmed.

John C. Shuhy
Justice

-7-

We Concur:

_____

_____

_____

_____
                Justices

-8-