No. 81-178

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

D. R. MATTHEWS,

Plaintiff and Respondent,

vs.

RAY I. BERRYMAN, ALICE M. BERRYMAN,
ESTHER E. BERRYMAN, EDWIN G. BROWN,
DOROTHEA F. BROWN, et al.,

Defendants and Appellants.

_____

Appeal from:  District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable Jack L. Green, Judge presiding.

Counsel of Record:

For Appellants:

Terry A. Wallace, Missoula, Montana
Zane K. Sullivan, Missoula, Montana
Tipp, Hoven & Skjelset, Missoula, Montana
Garlington, Lohn & Robinson, Missoula, Montana

For Respondent:

D. R. Matthews, Missoula, Montana
Garnaas, Hall, Riley & Pinsoneault, Missoula, Montana

_____

Submitted on briefs: October 1, 1981

Decided:  DEC 9 1981

Filed: DEC - 9 1981

_Thomas J. Kearney_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from an adverse judgment on appellants' counterclaims in a quiet title action in the Fourth Judicial District, Missoula County. The case was heard without a jury.

The facts, as found by the District Court follow.

D. R. Mathews, an attorney, had performed legal services for Ray Berryman in certain civil and criminal matters. On May 16, 1977, appellants Ray and Alice Berryman, husband and wife, agreed in writing to pay respondent, D. R. Mathews, his fees and to secure the payment by the execution and delivery to him of their quitclaim deed to a tract of land in Missoula County (Tract M). The quitclaim deed was to be held as security for the respondent's fee, which was due on April 20, 1978.

On April 20, 1978, appellants still owed respondent $10,000. Respondent filed the quitclaim deed and brought this action to quiet title to the property on or about May 10, 1978. The appellants counterclaimed for damages and attorney's fees, charging fraud, coercion, duress, undue influence, and violation of the Montana Unfair Trade Practices Act.

The District Court found that appellants' counterclaim was not supported by the evidence. It also found, however, that the quitclaim deed operated as a mortgage on Tract M, securing payment of the $10,000 fee owed to respondent. The court, therefore, refused to quiet title in the respondent. It ordered, instead, that appellants were to pay the $10,000, plus interest, to respondent within 90 days. If the debt were not paid within 90 days, the mortgage upon the property was

to be foreclosed, the property sold, and the debt satisfied out of the proceeds of the sale. If the debt were paid within 90 days, the property was to be reconveyed to appellants.

The following issues are presented for review:

1. Did the District Court err in finding no evidence of fraud, duress, or undue influence on the part of respondent?

2. Did the District Court err in refusing to award damages to appellants?

3. Did the District Court abuse its discretion in awarding $10,000 in attorney's fees to respondent?

4. Did the District Court err in finding that respondent had not committed an unfair trade practice?

We affirm the judgment against appellants.

The District Court did not err in finding no evidence of fraud, duress, or undue influence on the part of the respondent.

The record indicates that the Berrymans signed the security agreement and quitclaim deed to Tract M on May 16, 1977, minutes before respondent was to defend Ray Berryman in a criminal trial. Respondent had given the documents to the Berrymans weeks before trial for their signatures, but they had failed to execute the instruments. Respondent testified that on the day of trial, May 16, he told the Berrymans that he would immediately withdraw as counsel unless the documents were signed before trial. This apparently convinced them to sign. Ray Berryman was tried and received a 30-year suspended sentence. One of the conditions of his probation was that he clear the title to certain lots located in Tract M.

A bill for $10,000 was sent to the Berrymans after the trial. This bill was not paid. Respondent filed the quitclaim

-3-

deed and the security agreement sometime after the trial but before April 20, 1978, the date by which the $10,000 was to be paid.

According to section 28-2-102, MCA, consent is an element essential to the existence of a contract. Consent must be free, section 28-2-301, MCA, and an apparent consent is not free when obtained through duress, fraud, or undue influence. Section 28-2-401, MCA.

Duress, defined by section 28-2-402, MCA, consists in:

"(1)   unlawful confinement of the person of the party, of the husband or wife of such party, or of an ancestor, descendant, or adopted child of such party, husband, or wife;

"(2)   unlawful detention of the property of any such person; or

"(3)   confinement of such person, lawful in form but fraudulently obtained or fraudulently made unjustly harassing or opressive."

There is no evidence of confinement or detention in the present case. Therefore, the consent of the Berrymans cannot be said to have been obtained through duress.

Fraud is defined as either "actual" or "constructive." Section 28-2-404, MCA.

To constitute actual fraud under section 28-2-405, MCA, respondent must be found to have induced the Berrymans to sign the documents by:

"(1)   the suggestion as a fact of that which is not true by one who does not believe it to be true;

"(2)   the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

"(3)   the suppression of that which is true by one having knowledge or belief of the fact;

"(4)   a promise made without any intention of performing it; or

"(5)   any other act fitted to deceive."

-4-

Respondent's actions do not constitute actual fraud.

Constructive fraud, for the purposes of this appeal, consists in the breach of a duty by which the one in fault gains an advantage over another by misleading him to his prejudice. Section 28-2-406(1), MCA. There is no constructive fraud in the present case. First, respondent did not breach a duty by demanding security for his fees. Second, respondent did not mislead the Berrymans--he had every intention of withdrawing as counsel. Third, the Berrymans were not prejudiced by being made to secure a debt for which they were legally responsible.

Appellants next contend that their consent was obtained by the exercise of undue influence. Section 28-2-407, MCA, defines undue influence as:

> "(1)  the use by one in whom a confidence is reposed by another or who holds a real or apparent authority over him of such confidence or authority for the purpose of obtaining an unfair advantage over him;
>
> "(2)  taking an unfair advantage of another's weakness of mind; or
>
> "(3)  taking a grossly oppressive and unfair advantage of another's necessities or distress."

It is enough to say that respondent gained no unfair advantage over the Berrymans when he told them he would resign if his fee was not secured. It is not unfair to demand security for the payment of fees earned.

Appellants also argue that an inference of undue influence is cast upon the transaction because the deed and security agreement were signed long after the initiation of the attorney-client relationship. In the Matter of Estate of Magelssen (1979), ___ Mont. ___, 597 P.2d 90, 36 St.Rep. 1199, states:

> "The prevailing rule is that attorney fee contracts made after the establishment of the fiduciary attorney-client relationship are valid if they are 'fair and equitable.'" 597 P.2d at 93.

As indicated earlier, the security arrangement set up by respondent in the present case was a fair and equitable means of insuring payment of his fee. The charge for respondent's services--$25.00 per hour--had been established by an earlier written agreement of the parties. The papers executed on the day of the trial simply established the method of payment.

Finally, appellants argue that a strong inference of fraud is raised by the fact that respondent himself notarized the quitclaim deed to which he was a named party. Musselshell Valley Farming & Livestock Co. v. Cooley (1929), 86 Mont. 276, 290, 283 P. 213, 217, states that an acknowledgment cannot be taken by a grantee. Thus, respondent was not qualified to notarize appellants' execution of the deed. There is no serious question raised, however, as to whether in fact the Berrymans executed the deed. They admit signing it. No inference of fraud, therefore, can be drawn from the faulty acknowledgment.

The District Court did not err in refusing to award damages to appellants.

Appellants contend that respondent's filing of the quitclaim deed and security agreement created a cloud on appellants' title which damaged them financially and made it impossible for Ray Berryman to comply with the terms of his probation.

Appellants could have cleared their title to the property as against respondent and relieved themselves of any damages by payment of respondent's fee. We affirm the District Court's finding that the evidence does not support appellants' counterclaim for damages.

The District Court did not abuse its discretion in awarding $10,000 in attorney's fees to respondent.

-6-

In making its decision on the proper amount of attorney's fees, the District Court had before it two operative documents:

1. A retainer agreement which recited a charge of $25.00 per hour for respondent's legal services.

2. Respondent's timesheet which indicated the number of hours per day respondent had devoted to appellants' case over a one-year period.

Thus, there was sufficient information upon which the District Court could base its decision regarding attorney's fees. As we have stated in the past, Carkeek v. Ayer (1980), ___ Mont. ___, 613 P.2d 1013, 37 St.Rep. 1274, we will not disturb a District Court's determination of attorney's fees unless an abuse of discretion is shown. We find no abuse in the present case.

The District Court did not err in finding that respondent had not committed an unfair trade practice.

Appellants' final contention is that respondent violated the Montana Unfair Trade Practices and Consumer Protection Act of 1973 (Act), section 30-14-101, et seq., MCA.

We have already determined that respondent's actions did not constitute fraud, duress, or undue influence. Under the facts in this case, the Act has no application.

The judgment of the District Court is affirmed.

John C. Sheehy
_____
Justice

-7-

We Concur:

_____
Chief Justice

_____

_____

_____
Justices