No. 87-047

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JEANNE CLOSE WAGNER,

        Plaintiff/Appellant,

vs

EMPIRE DEVELOPMENT CORPORATION d/b/a
BILLINGS NEON SIGN CO.,

        Defendant/Respondent.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District
In and for the County of Yellowstone
The Honorable Diane G. Barz, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

        BOSCHERT and BOSCHERT; Rosemary C. Boschert,
        Billings, Montana,
        BABICH, BENNETT and NICHERSON; Mark W. Bennett,
        Des Moines, Iowa

    For Respondent:

        BROWN, KALECZYC, BERRY and HOVEN; Oliver H. Goe,
        Helena, Montana

    Amicus Curiae:

        Steven B. Ungar, ACLU, Bozeman, Montana
        Janice Frankino Doggett, MHRC, Helena, Montana

---

        Submitted on Briefs: June 25, 1987

        Decided:    September 15, 1987

Filed: SEP 1 5 1987

*Ethel M. Harrison*

---

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case is before the Court on appeal from an order of the District Court of the Thirteenth Judicial District in and for Yellowstone County, Montana. The District Court denied plaintiff's request for attorney's fees and costs because of a contingency fee agreement. Plaintiff's motion to alter or amend judgment also was denied. We affirm.

The facts are undisputed. Plaintiff/appellant Jeanne Wagner filed an employment discrimination charge against defendant/respondent Empire Development d/b/a Billings Neon Sign Company claiming Billings Neon had failed to pay her equal pay for equal work. Because Wagner failed to comply with orders of the hearing examiner appointed by the Human Rights Commission, a hearing scheduled for January 14, 1983, was not held until November 28, 1983, two years and three months after the charge was filed. Nearly one year after the hearing, the Human Rights Commission issued its final order awarding Wagner $45,749.43 back pay, benefits, and interest. By stipulation of the parties, a petition by Billings Neon for review of the final order was dismissed and the final settlement provided that Billings Neon would pay $48,990.20 to Wagner in two installments. These payments were timely made.

Pursuant to the Commission's order, Wagner was the prevailing party. A contingent fee agreement with her attorney, Rosemary Boschert, provided that Boschert was to receive 33 1/3% of any award received from Billings Neon. Wagner tendered $16,329.10 to Boschert pursuant to this agreement. Subsequently, Wagner requested attorney's fees provided for in § 49-2-505(4), MCA, part of the Montana Human

2

Rights Act. An evidentiary hearing was held and the court denied the request. Wagner appeals.

The issue is whether it was error for the District Court not to award attorney's fees. Section 49-2-505(4), MCA, provides that "[t]he prevailing party in a hearing [in a contested hearing case] may bring an action in District Court for attorney's fees. The court in its discretion may allow the prevailing party reasonable attorneys' fees." This statute is similar to the federal statute found at 42 U.S.C. § 1988 which provides that, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of its costs[,]" in a proceeding to enforce certain sections of Title 42, U.S.C., and Title 20 U.S.C.

The purpose of awarding attorney's fees to prevailing parties in civil rights litigation is to ensure "effective access to the judicial process." Hensley v. Eckerhart (1983), 461 U.S. 424, 429, n.2, 103 S.Ct. 1933, 1937, n.2, 76 L.Ed.2d 40, 48, n.2. Generally there is agreement that without an attorney's fee award for successful litigants, meritorious civil rights litigation often would not be brought. A delicate balance must be struck between awarding the attorney who is successful full compensation for her efforts, and awards that are unreasonably high.

We have not previously interpreted § 49-2-505(4), MCA, and thus are free to adopt or ignore the standard applied by federal courts when awarding attorney's fees under 42 U.S.C. § 1988. The Ninth Circuit applies abuse of discretion to cases arising under 42 U.S.C. § 1988. Smiddy v. Varney (9th Cir. 1981), 665 F.2d 261, 268; Sethy v. Alameda County Water District (9th Cir. 1979), 602 F.2d 894, 897. Although this is not a § 1988 action, there is no reason not to apply this standard in our analysis.

3

> In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice.

Carkeek v. Ayer (1980), 188 Mont. 345, 348, 613 P.2d 1013, 1015.

The circuit courts are not in agreement on the issue of contingent fee agreements vis-a-vis statutory awards as it relates to adequate and reasonable compensation. We reject the argument that a contingent fee agreement automatically precludes award of the statutory fees. "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhard, supra at 429, 103 S.Ct. at 1937, 76 L.Ed.2d at 48. "A private fee agreement is not itself 'special circumstances' which would render an award of fees unjust. Sargeant v. Sharp (1st Cir. 1978), 579 F.2d 645, 649." Hammer v. Rios (9th Cir. 1985), 769 F.2d 1404, 1408. Such a limitation can result in an overemphasis of the importance of damages and exert an upward pressure on attorney's fees, thus reducing the litigant's opportunity for full compensation for his civil rights injury. See Cooper v. Singer (10th Cir. 1983), (en banc), 719 F.2d 1496, 1503. The Cooper Court said that while a contingent fee agreement does not preclude award of attorney's fees, "the actual fee obligation must reside within the confines of the term 'reasonableness.'" Cooper, at 1504. Additionally, the Ninth Circuit has said that "fee awards should be the rule rather than the exception." Teitelbaum v. Sorenson (9th Cir. 1981),

4

648 F.2d 1248, 1251; Ackerley Communications v. City of Salem, Or. (9th Cir. 1985), 752 F.2d 1394, 1396.

The Tenth Circuit requires a lawyer to reduce his contingency fee if it is greater than the statutory fee. Cooper, supra. The Eleventh Circuit does not treat the statutory fee as a ceiling. Pharr v. Housing Authority (11th Cir. 1983) 704 F.2d 1216, 1218. It appears the defendant in Pharr was required to pay the difference between the statutory fee and the contingency fee. The Third Circuit allows counsel to receive the greater of the statutory fee or the contingency fee. If the contingency fee is greater, however, plaintiff must pay the difference between the two fees. Sullivan v. Crown Paper Board Co. (3rd. Cir. 1983), 719 F.2d 667, 668-69. The Fifth Circuit does not permit plaintiff's counsel to receive a fee award in excess of the contingency fee arrangement. Johnson v. Georgia Highway Express (5th Cir. 1974), 488 F.2d 714, 718. The Second Circuit holds that a claim for services rendered under a contingency fee agreement must be deemed satisfied to the extent counsel receives an award under § 1988. The court reasoned this result allows "citizens the opportunity to recover what it costs them to vindicate [their] rights in court." Wheatley v. Ford (2nd Cir. 1982), 679 F.2d 1037, 1041.

In the instant case, counsel has received payment for her services under the contingency fee agreement with Wagner. Although the contingency fee per se is not a special circumstance warranting denial of the statutory fee, Wagner freely contracted with her counsel for an amount each party considered to be a reasonable figure. Further, it appears Wagner recovered the cost of vindicating her rights in court. The circumstances in this case indicate that to grant Boschert more than that for which she contracted would be a

grave injustice to Billings Neon, resulting in a windfall to Boschert. "[T]he civil rights statues should not be construed to provide windfall recoveries for successful attorneys." Wheatley v. Ford, supra, at 1041.

The District Court found that Boschert caused a hearing continuance from January 14, 1983 until March 4, 1983 by her failure to provide discovery documents relating to damages and wages claimed by Wagner. The hearing was continued again because of the Human Rights Commission's budget difficulties. The matter ultimately came on for hearing November 28, 1983, and subsequently the Human Rights Commission ordered Billings Neon to pay to Wagner $45,749.43 in back pay, benefits, and interest for the period of February 18, 1981 though Nov. 28, 1983. Had the hearing been held January 14, 1983, damages awarded to Wagner would have been $28,005.31. Thus Wagner realized more than $17,000 because of the delay, and her attorney benefited to the extent of $7,000. Boschert would benefit further by receiving one-third of the statutory fee.

There is no evidence to support Boschert's claim for additional attorney's fees. She did not present competent evidence as to the hours she spent in pursuit of the claim. She did not provide guidance to the court as to proper fee calculation from which a fee could be determined. Boschert did not testify as to the exact nature of the work performed.

The logical starting point for any trier of fact in determining a reasonable attorney's fee is "the amount and character of the services rendered" and "the labor, time and trouble involved." Talmage v. Gruss (1983), 202 Mont. 410, 412, 658 P.2d 419, 421; Johnson v. Tindall (1981), 195 Mont. 165, 168, 635 P.2d 266, 268; and First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1332.

Other factors to be considered by the court in establishing a reasonable fee include:

> [t]he character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys . . . The result secured by the services of the attorneys may be considered as an important element in determining their value.

Johnson v. Tindall, supra at 168, 635 P.2d at 268.

Although the court is required to look at all these factors "within these guidelines, the amount fixed as attorney fees is largely discretionary with the District Court." Carkeek v. Ayer, supra at 347, 613 P.2d at 1015.

Section 49-2-505(4), MCA, clearly gives the District Court discretion to award attorney's fees. There is sufficient evidence Wagner's counsel was adequately and reasonably compensated for her efforts, whether or not reference is made to federal fee shifting statutes. We do not find the District Court abused its discretion in failing to award statutory attorney's fees.

The order of the District Court is affirmed.

Justice

We concur:

Chief Justice

7

_____

_L. C. Gullbrandson,_ _____

_____
Justices

I dissent.

Wagner's counsel has been adequately and reasonably compensated for her efforts. Who has not been reimbursed for her reasonable attorney fees is Wagner. She is the loser by the majority opinion.

No one disputes that Wagner is the prevailing party in the discrimination action. Wagner has brought this separate action for her attorney fees pursuant to § 49-2-505(4), MCA, of the Montana Human Rights Act. Such section allows the prevailing party (Wagner) reasonable attorney fees in the District Court's discretion payable by the other party. The question here is, did the District Court, in not awarding any reimbursement for attorney fees, simply abuse its discretion? It did, and its order should be reversed and the cause remanded.

The District Court's main reason in its order for not awarding fees is that Wagner was adequately compensated in the settlement amount and not entitled to additional fees. This is, in effect, a determination that Wagner received enough in the settlement to cover her actual damages and attorney fees. It must be remembered the settlement of the discrimination action was voluntarily stipulated to by the parties after negotiations and the action dismissed with prejudice pursuant thereto. Wagner gave Empire a release of all her damages in consideration of the money. The parties determined what all the damages were worth; past, present and future. They specifically excluded from the settlement Wagner's claim for attorney fees. The order of the District Court arbitrarily included such fees back in the settlement.

I am aware that the agreement between Wagner and her attorney was a contingent fee agreement and Wagner has paid her attorney on the basis of that agreement, but the attorney-client agreement should have no bearing in this case

9

as to whether or not Wagner should recover reasonable fees from Empire. It might under certain circumstances be relevant to determine the amount of such fees or what amount is reasonable.

What Wagner has asked for here is reimbursement for a reasonable amount of hours expended by her attorney multiplied by a reasonable hourly compensation rate which is less than she, Wagner, paid under the contingent fee agreement.

Great import is made by the Court and Empire of the fact that Wagner's attorney did not supply to Empire's attorney a statement of damages and wages lost, prior to an administrative hearing in its discrimination action. Such failure to supply allegedly postponed the hearing and thereby increased the damages. Empire stipulated to the settlement and agreed to the amount of damages as negotiated. It should not be allowed to reargue such amount in this action for fees. If this failure on the part of Wagner's attorney to supply such information had an effect on the amount of time spent by her in the discrimination case, it can be considered, but not otherwise.

Fee awards in these types of cases should be the rule and not the exception. Failure to award attorney fees to the prevailing party, Wagner, on the basis of the reasons given is unjust and an abuse of discretion.

_____
Justice R.C. McDonough

Justice William E. Hunt and Justice John C. Sheehy concur in the foregoing dissent.

_____
Justice

_____
Justice

10