MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This case is before the Court on appeal from an order of the District Court of the Thirteenth Judicial District in and for Yellowstone County, Montana. The District Court denied plaintiff’s request for attorney’s fees and costs because of a contingency fee agreement. Plaintiff’s motion to alter or amend judgment also was denied. We affirm.
The facts are undisputed. Plaintiff/appellant Jeanne Wagner filed an employment discrimination charge against defendant/respondent Empire Development d/b/a Billings Neon Sign Company claiming Billings Neon had failed to pay her equal pay for equal work. Because Wagner failed to comply with orders of the hearing examiner appointed by the Human Rights Commission, a hearing scheduled for January 14, 1983, was not held until November 28, 1983, two years and thrée months after the charge was filed. Nearly one year after the hearing, the Human Rights Commission issued its final order awarding Wagner $45,749.43 back pay, benefits, and interest. By stipulation of the parties, a petition by Billings Neon for review of the final order was dismissed and the final settlement provided that Billings Neon would pay $48,990.20 to Wagner in two installments. These payments were timely made.
Pursuant to the Commission’s order, Wagner was the prevailing party. A contingent fee agreement with her attorney, Rosemary Boschert, provided that Boschert was to receive 33 Vs % of any award received from Billings Neon. Wagner tendered $16,329.10 to Boschert pursuant to this agreement. Subsequently, Wagner requested attorney’s fees provided for in Section 49-2-505(4), MCA, part of the Montana Human Rights Act. An evidentiary hearing was held and the court denied the request. Wagner appeals.
The issue is whether it was error for the District Court not to award attorney’s fees. Section 49-2-505(4), MCA, provides that “[t]he prevailing party in a hearing [in a contested hearing case] may bring an action in District Court for attorney’s fees. The court *372 in its discretion may allow the prevailing party reasonable attorneys’ fees.” This statute is similar to the federal statute found at 42 U.S.C. Section 1988 which provides that, “the court, in its discretion may allow the prevailing party ... a reasonable attorney’s fee as part of its costs [,]” in a proceeding to enforce certain sections of Title 42, U.S.C., and Title 20 U.S.C.
The purpose of awarding attorney’s fees to prevailing parties in civil rights litigation is to ensure “effective access to the judicial process.” Hensley v. Eckerhart (1983), 461 U.S. 424, 429, n.2, 103 S.Ct. 1933, 1937, n.2, 76 L.Ed.2d 40, 48, n.2. Generally there is agreement that without an attorney’s fee award for successful litigants, meritorious civil rights litigation often would not be brought. A delicate balance must be struck between awarding the attorney who is successful full compensation for her efforts, and awards that are unreasonably high.
We have not previously interpreted Section 49-2-505(4), MCA, and thus are free to adopt or ignore the standard applied by Federal courts when awarding attorney’s fees under 42 U.S.C. Section 1988. The Ninth Circuit applies abuse of discretion to cases arising under 42 U.S.C. Section 1988. Smiddy v. Varney (9th Cir. 1981), 665 F.2d 261, 268; Sethy v. Alameda County Water District (9th Cir. 1979), 602 F.2d 894, 897. Although this is not a Section 1988 action, there is no reason not to apply this standard in our analysis.
“In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice.”
Carkeek v. Ayer (1980), 188 Mont. 345, 348, 613 P.2d 1013, 1015.
The circuit courts are not in agreement on the issue of contingent fee agreements vis-a-vis statutory awards as it relates to adequate and reasonable compensation. We reject the argument that a contingent fee agreement automatically precludes award of the statutory fees. “[A] prevailing plaintiff should ordinarily recover an attorney’s fee unless special circumstances would render such an award unjust.” Hensley v. Eckerhard, supra at 429, 103 S.Ct. at 1937, 76 L.Ed.2d at 48. “A private fee agreement is not itself ‘special circumstances’ which would render an award of fees unjust. Sargeant v. Sharp (1st Cir. 1978), 579 F.2d 645, 649.” Hammer v. Rios (9th Cir. 1985), 769 F.2d 1404, 1408. Such a limitation can result in *373 an overemphasis of the importance of damages and exert an upward pressure on attorney’s fees, thus reducing the litigant’s opportunity for full compensation for his civil rights injury. See Cooper v. Singer (10th Cir. 1983), (en banc), 719 F.2d 1496, 1503. The Cooper Court said that while a contingent fee agreement does not preclude award of attorney’s fees, “the actual fee obligation must reside within the confines of the term ‘reasonableness.’ ” Cooper, at 1504. Additionally, the Ninth Circuit has said that “fee awards should be the rule rather than the exception.” Teitelbaum v. Sorenson (9th Cir. 1981), 648 F.2d 1248, 1251; Ackerley Communications v. City of Salem, Or. (9th Cir. 1985), 752 F.2d 1394, 1396.
The Tenth Circuit requires a lawyer to reduce his contingency fee if it is greater than the statutory fee. Cooper, supra. The Eleventh Circuit does not treat the statutory fee as a ceiling. Pharr v. Housing Authority (11th Cir. 1983) 704 F.2d 1216, 1218. It appears the defendant in Pharr was required to pay the difference between the statutory fee and the contingency fee. The Third Circuit allows counsel to receive the greater of the statutory fee or the contingency fee. If the contingency fee is greater, however, plaintiff must pay the difference between the two fees. Sullivan v. Crown Paper Board Co. (3rd. Cir. 1983), 719 F.2d 667, 668-69. The Fifth Circuit does not permit plaintiff’s counsel to receive a fee award in excess of the contingency fee arrangement. Johnson v. Georgia Highway Express (5th Cir. 1974), 488 F.2d 714, 718. The Second Circuit holds that a claim for services rendered under a contingency fee agreement must be deemed satisfied to the extent counsel receives an award under Section 1988. The court reasoned this result allows “citizens the opportunity to recover what it costs them to vindicate [their] rights in court.” Wheatley v. Ford (2nd Cir. 1982), 679 F.2d 1037, 1041.
In the instant case, counsel has received payment for her services under the contingency fee agreement with Wagner. Although the contingency fee per se is not a special circumstance warranting denial of the statutory fee, Wagner freely contracted with her counsel for an amount each party considered to be a reasonable figure. Further, it appears Wagner recovered the cost of vindicating her rights in court. The circumstances in this case indicate that to grant Boschert more than that for which she contracted would be a grave injustice to Billings Neon, resulting in a windfall to Boschert. “[T]he civil rights statutes should not be construed to provide windfall recoveries for successful attorneys.” Wheatley v. Ford, supra, at 1041.
The District Court found that Boschert caused a hearing continu *374 anee from January 14, 1983 until March 4, 1983 by her failure to provide discovery documents relating to damages and wages claimed by Wagner. The hearing was continued again because of the Human Rights Commission’s budget difficulties. The matter ultimately came on for hearing November 28, 1983, and subsequently the Human Rights Commission ordered Billings Neon to pay to Wagner $45,749.43 in back pay, benefits, and interest for the period of February 18, 1981 through Nov. 28, 1983. Had the hearing been held January 14, 1983, damages awarded to Wagner would have been $28,005.31. Thus Wagner realized more than $17,000 because of the delay, and her attorney benefited to the extent of $7,000. Boschert would benefit further by receiving one-third of the statutory fee.
There is no evidence to support Boschert’s claim for additional attorney’s fees. She did not present competent evidence as to the hours she spent in pursuit of the claim. She did not provide guidance to the court as to proper fee calculation from which a fee could be determined. Boschert did not testify as to the exact nature of the work performed.
The logical starting point for any trier of fact in determining a reasonable attorney’s fee is “the amount and character of the services rendered” and “the labor, time and trouble involved.” Talmage v. Gruss (1983), 202 Mont. 410, 412, 658 P.2d 419, 421; Johnson v. Tindall (1981), 195 Mont. 165, 168, 635 P.2d 266, 268; and First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1332.
Other factors to be considered by the court in establishing a reasonable fee include:
“[t]he character and importance of the litigation in which the services were rendered, the amount of money or the value of the property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys . . . The result secured by the services of the attorneys may be considered as an important element in determining their value.”
Johnson v. Tindall, supra at 168, 635 P.2d at 268.
Although the court is required to look at all these factors “within these guidelines, the amount fixed as attorney fees is largely discretionary with the District Court.” Carkeek v. Ayer, supra at 347, 613 P.2d at 1015.
Section 49-2-505(4), MCA, clearly gives the District Court discretion to award attorney’s fees. There is sufficient evidence Wagner’s counsel was adequately and reasonably compensated for her efforts, *375 whether or not reference is made to federal fee shifting statutes. We do not find the District Court abused its discretion in failing to award statutory attorney’s fees.
The order of the District Court is affirmed.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER and GULBRANDSON concur.