No. 89-241

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

ABLE, INC., a Montana corp.,

Plaintiff and Respondent,

-vs-

JOSEPH K. KUZARA,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Joseph K. Kuzara, Pro Se, Roundup, Montana

For Respondent:

Charles E. Snyder, Billings, Montana

Submitted on Briefs: Oct. 25, 1989

Decided: January 29, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Joseph K. Kuzara, appearing without counsel, appeals from a judgment entered in the District Court, Fourteenth Judicial District, Musselshell County, holding Kuzara liable to Able, Inc., in the total sum of $3,169.27 on an account stated. We affirm the judgment of the District Court.

The sole issue raised on appeal is whether the District Court applied the correct legal principles in deciding this matter on the basis of an account stated.

Able, Inc., a Montana corporation, operates an insurance agency business in Musselshell County. Prior to December, 1980, Able, Inc. had sold and issued insurance policies covering building liability, fire and extended coverage and glass breakage coverage to one Jerry Ellis, who was the owner of a building located in Roundup, Montana. Kuzara, too, had done business with Able, Inc., having negotiated the purchase of a farm and ranch liability policy through Able, Inc.

In February, 1981, Kuzara purchased the Roundup building from Ellis while the insurance policies were still in effect. The insurance policies were transferred to Kuzara as the named insured and the renewal premiums were billed by Able, Inc. to Kuzara's account. Able, Inc. renewed the same insurance policies in Kuzara's name and in effect extended credit to Kuzara for the premiums when Able, Inc. itself paid the insurance companies for the renewal premiums.

The District Court found that the renewals were made by Able, Inc. prior to any receipt of any requests for cancellation by Kuzara; that he made no surrender of the policies nor gave any written notice of policy cancellation until December 12, 1982, when one of the policies was terminated and again on July 20, 1983, when another policy was terminated. Able sent billing statements to Kuzara regularly on a monthly basis from December 28, 1981 until May 23, 1984, the statements indicating the amount of premium due

2

and a finance charge of 1½% per month or an annual rate of 18% on the unpaid balances. Kuzara received and regularly filed all the statements and correspondence received by the plaintiff without taking any further action. The District Court found that Kuzara knew that Able had continued his policies in effect as was demonstrated by the monthly billing statements which Kuzara had admitted receiving. Nonetheless, Kuzara on demand refused to pay and reimburse Able for the amounts claimed by Able.

An account stated was clearly established in this case. The basic ingredient of an account stated is an agreement between the parties that the items of account and the balance struck are correct, and an express or implied agreement for the payment of the balance. Implied agreement for the payment of the balance may be presumed where there is a course of dealings, an antecedent indebtedness, and retention of a statement of the account for an unreasonable length of time without objection. Johnson v. Tindall (1981), 195 Mont. 165, 635 P.2d 266; Mattson v. Julian (1984), 209 Mont. 48, 678 P.2d 654; Montana Seeds, Inc. v. Holliday (1978), 178 Mont. 119, 582 P.2d 1223. The District Court correctly concluded that an account stated existed between the parties in this case.

On appeal, Kuzara argues that agreements for the loan and repayment of money should be in writing, and that Able was in violation of the Montana Retail Sales Finance Act (§ 31-1-231, MCA) and the Insurance Premium Finance Statutes (§ 33-14-301, MCA). As this Court pointed out in Montana Seeds, Inc. v. Holliday, supra, 582 P.2d at 1226, where the defendant raised the defense of statute of frauds for the first time on appeal, a defense not raised in the pleadings nor otherwise raised before the District Court cannot be maintained on appeal.

Accordingly, the judgment of the District Court is affirmed.

_John C. Sheehy_
Justice

3

We Concur:

_John Conway Harrison_

_William E. Hunt Sr._

_Diane G. Barz_

_Fred J. Weber_
Justices

4