FILED

03/03/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0502

DA 25-0502

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 41

CENTRON SERVICES, INC. A CORPORATION
DBA: ROCKY MOUNTAIN PROFESSIONAL
SOLUTIONS,

     Plaintiff and Appellant,

  v.

CHRISTOPER HOLLEWIJN and
ALYSON C. HOLLEWIJN,

     Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-2023-513A
Honorable Peter B. Ohman, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Scott B. Owens, Gregory W. Duncan, Centron Services, Inc., Helena, Montana

     For Appellees:

          Jean E. Faure, Faure Holden Henkel Terrazas, P.C., Great Falls, Montana

          Michael P. Ginty, Koehler Fitzgerald LLC, Cleveland, Ohio

          Submitted on Briefs:  January 21, 2026

          Decided:  March 3, 2026

Filed:

_____
Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Centron Services, Inc., d/b/a Rocky Mountain Professional Solutions (Centron), appeals the order of the Montana Eighteenth Judicial District Court, Gallatin County, granting summary judgment in favor of Christopher and Alyson C. Hollewijn (Hollewijns), arguing the District Court erred by dismissing the entire lawsuit when the Hollewijns' motion addressed only one of five separate debt accounts and by resolving a genuine issue of material fact regarding the reasonableness of the Hollewijns' objection to the remaining account.

¶2 We address the following issues:

1. *Whether the District Court erred when it dismissed the entire suit after granting Hollewijns' motion for summary judgment which addressed only one of five accounts within the suit.*

2. *Whether the District Court erred when it granted summary judgment by determining a question of fact.*

We reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Centron filed this action in the Montana Eighteenth Judicial District Court, Gallatin County, asserting a single theory of recovery—account stated—for five separate medical-debt accounts assigned to Centron for collection arising from services provided between December 2020 and March 2022 by three different medical providers: Bozeman Health, Bridger Orthopedic & Sports Medicine, and Big Sky Endodontics.[1] Hollewijns

---

[1] The complaint identifies five distinct accounts, summarized as follows from Centron's Exhibit A: (1) Big Sky Endodontics PC; services rendered 12/15/2020; total $2,486.66; (2) Bridger Orthopedic & Sports Medicine; services rendered 12/7/2020; total $166.29; (3) Bozeman Health

moved for summary judgment, asserting that Centron could not establish an account stated because they timely disputed the medical charges and no express or implied agreement existed as to the balance owed. The motion and supporting briefing focused factually on only one of the five accounts—a Bozeman Health hospital account arising from services rendered on November 4, 2021.

¶4 The summary judgment proceedings likewise focused almost exclusively on that one Bozeman Health account arising from hospital services provided to Alyson Hollewijn on November 4, 2021. On that date, Mrs. Hollewijn signed a "Conditions of Treatment" form, authorizing direct billing to insurance and agreeing to assume full responsibility for any charges not covered by insurance. The form provided that the entire balance was due and payable one year from the date of admission or service. Following treatment, Bozeman Health billed her employer-sponsored health plan, which issued a partial payment of $10,494.13 on March 21, 2022.

¶5 Bozeman Health initially billed the charges—totaling $33,666.76—through Hollewijn's employer-sponsored health plan, which utilized a reference-based pricing model rather than contracted provider rates. On March 21, 2022, the plan issued a partial payment of $10,494.13 to Bozeman Health, accompanied by a Summary of Benefits indicating a substantial "provider discount" and listing patient responsibility as $1,976.59. Bozeman Health did not agree to the plan's pricing determinations and applied the payment

---

Hospital; services rendered 3/25/2022; total $227.97; (4) Bozeman Health Hospital; services rendered 3/29/2022; total $126.25; and (5) Bozeman Health Hospital; services rendered 11/4/2021; total $24,976.46.

as partial satisfaction only and issued its first direct billing statement to the Hollewijns on April 5, 2022, for a remaining balance of $23,172.63. Crucially, Bozeman Health maintained that it was under no contractual obligation to accept 6 Degrees Health's reimbursement rates. Because no contract existed between the provider and the cost-containment plan, the hospital treated the plan's unilateral $21,196.04 "provider discount" as a nullity and sought the full remaining balance from the Hollewijns as the parties primarily responsible for the debt. Three subsequent statements were sent to Hollewijns on May 3, May 31, and June 28, 2022, each reflecting the same balance and escalating collection language. On July 7, 2022—93 days after the initial statement—the Hollewijns' health plan, through counsel, sent a letter to Bozeman Health disputing the balance. Bozeman Health assigned the account to Centron for collection on July 29, 2022.

¶6 Centron filed suit asserting that Hollewijns' failure to object within a reasonable time established an implied agreement and thus an account stated. Defendants disputed this characterization, contending that their objection was timely and that no agreement—express or implied—was ever formed as to the balance owed. The Hollewijns moved for summary judgment, addressing only the Bozeman Health account arising from services rendered on November 4, 2021.

¶7 On June 16, 2025, the District Court granted summary judgment to the Hollewijns and dismissed the entire suit. It concluded that Centron failed to establish an account stated as a matter of law. The court determined that, although a course of dealing and antecedent indebtedness existed, Hollewijns objected to the Bozeman Health billing statement within a reasonable time, thereby defeating the third element of an account stated.

4

¶8    Centron timely appealed.

## STANDARD OF REVIEW

¶9    This Court reviews a district court's grant of summary judgment de novo, applying the same criteria as the district court under M. R. Civ. P. 56(c)(3). *Lone Moose Meadows, LLC v. Boyne USA, Inc.*, 2017 MT 142, ¶ 7, 387 Mont. 507, 396 P.3d 128. Summary judgment is appropriate only when the pleadings, discovery, and affidavits demonstrate no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Estate of Wilson v. Addison*, 2011 MT 179, ¶ 13, 361 Mont. 269, 258 P.3d 410.

¶10   In applying this standard, all reasonable inferences must be drawn in favor of the non-moving party, and summary judgment is disfavored where factual disputes exist that would entitle the non-movant to relief. *Howard v. Conlin Furniture No. 2, Inc.*, 272 Mont. 433, 436, 901 P.2d 116, 118-19 (1995).

## DISCUSSION

¶11   *1. Whether the District Court erred when it dismissed the entire suit after granting Hollewijns' motion for summary judgment which addressed only one of five accounts within the suit.*

¶12   Under M. R. Civ. P. 56(c)(3), the movant bears the initial burden to demonstrate the absence of genuine issues of material fact as to the claims on which judgment is sought. Here, Hollewijns' motion addressed facts relating to only one of the five accounts pleaded—specifically, the Bozeman Health hospital account dated November 4, 2021. The record contains no evidentiary showing or legal analysis directed to the remaining four accounts (three providers total), nor any argument establishing entitlement to judgment as a matter of law as to those claims. Montana precedent is clear that summary judgment is

5

not a substitute for trial where factual controversies exist and that the court may not grant relief beyond the scope of the movant's showing. *Estate of Wilson*, ¶ 13; *Howard*, 272 Mont. at 436, 901 P.2d at 118-19.

¶13 On this record, the District Court's dismissal of all accounts exceeded the evidentiary and legal reach of the motion. Even if Hollewijns were entitled to judgment on the Bozeman Health account, Rule 56 does not authorize dismissal of claims never addressed. Hollewijns' response does not meaningfully engage this procedural defect, reinforcing that they did not carry the initial burden as to the four unaddressed accounts.

¶14 *2. Whether the District Court erred when it granted summary judgment by determining a question of fact.*

¶15 Montana law defines an account stated as requiring agreement on the items and balance, with an express or implied agreement to pay; implied agreement may be presumed where there is a course of dealing, antecedent indebtedness, and retention of a statement of account for an unreasonable time without objection. *Able, Inc. v. Kuzara*, 241 Mont. 155, 156-57, 785 P.2d 1021, 1021-22 (1990). Failure to object to an account does not conclusively establish its character as an account stated but merely raises a rebuttable presumption. *Holmes v. Potts*, 132 Mont. 477, 493, 319 P.2d 232, 240-41 (1957). Whether the debtor retained a statement for an "unreasonable" time is typically fact-dependent. *Holmes*, 132 Mont. at 494, 319 P.2d at 241 ("Plaintiff may urge the presumption of acquiescence; under a general denial defendant may dispute the presumption by whatever relevant evidence he can produce including evidence of improbability. . . . Failure to object to an account does not, as against the party to whom it was presented, conclusively establish

6

its character as an account stated, but merely raises a presumption to that effect, and his conduct therein is open to explanation." (citation omitted)).

¶16    Here, the District Court acknowledged a course of dealing and antecedent indebtedness but concluded—as a matter of law—that Hollewijns objected within a reasonable time. The undisputed chronology shows that Bozeman Health issued its first direct billing statement on April 5, 2022, and subsequent statements followed on May 3, May 31, and June 28, 2022; but that Hollewijns did not send a written dispute until July 7, 2022—approximately 93 days after the first statement.[2]

¶17    Whether 93 days constitutes an unreasonable time to remain silent, particularly after multiple consistent statements, is a question on which reasonable jurors could differ. Montana law recognizes that silence or inaction may create a rebuttable presumption of assent. *Montana Seeds, Inc. v. Holliday*, 178 Mont. 119, 124, 528 P.2d 1223, 1226 (1978). Conversely, Hollewijns marshal authority emphasizing the need for an exact, certain balance and timely objection to defeat implied assent. *Montana Seeds*, 178 Mont. at 124, 582 P.2d at 1226 (citing *Nelson v. Montana Iron Mining Co.*, 140 Mont. 331, 335, 371 P.2d 874, 876 (1962)).

¶18    The competing inferences—acquiescence through silence versus timely dispute— underscore a classic summary judgment problem: the court weighed the timeline and explanations (including criticism of the hospital's billing delay) rather than determining

---

[2] This 93-day period is calculated precisely from the issuance of the first direct billing statement on April 5, 2022, through the receipt of the dispute letter on July 7, 2022. While the District Court focused on the narrow window between the final notice and the dispute, the relevant inquiry under the account-stated doctrine is the *total* time the statement was retained without objection.

whether a genuine factual dispute existed. On de novo review, the presence of a colorable dispute over reasonableness and assent precludes judgment as a matter of law. The record presents a classic conflict of inferences: Centron argues that Mrs. Hollewijn's history with other medical providers established a clear understanding of the "course of dealing," while the Hollewijns point to the hospital's own five-month delay in billing as a factor that may justify their subsequent response time. Under *Holmes*, such conduct is open to explanation and must be weighed by a jury rather than resolved by the court as a matter of law.

¶19 The Hollewijns contend that they cannot be held to an account stated because they never settled on a specific price before receiving medical care. They argue that because hospital price lists (known as chargemasters) are notoriously inconsistent and subject to various discounts, there was no clear, certain balance for them to agree to in the first place. Centron responds that Montana law allows the balance to be fixed by a statement of account to which the debtor acquiesces, even where initial pricing was not specified, so long as the balance is definite and consistently stated. On this record, Bozeman Health's statements reflected a consistent balance after insurance processing. Whether prompt-pay discounts or assistance language undermine certainty is again a fact-bound question suitable for a jury's consideration rather than for summary judgment.

## CONCLUSION

¶20 The District Court erred in dismissing the four accounts—Accounts 1, 2, 3, and 4— that the Hollewijns failed to address in their motion for summary judgment. Regarding the remaining Bozeman Health account (Account 5), the record presents a genuine dispute of material fact as to whether the Hollewijns' 93-day silence constituted an "unreasonable"

8

length of time to retain a statement without objection. Because the resolution of this issue requires the weighing of competing inferences—a task reserved for the trier of fact—summary judgment was improper.

¶21 We reverse the District Court's order granting summary judgment and remand this matter for a jury trial on the Bozeman Health account (Account 5) and for further proceedings on the remaining accounts consistent with this Opinion.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER