No. 88-17

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
RONALD THOMAS WEST,

        Petitioner and Appellant,

  and

REBECCA BIRNEL WEST,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ronald Thomas West, pro se, Helena, Montana

    For Respondent:

        Antonina Vaznelis, Helena, Montana

---

Submitted on Briefs:  June 2, 1988

Decided:  July 19, 1988

Filed: JUL 1 9 1988

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal marks the culmination of Ronald West's three-year long battle to amend the parties' dissolution of marriage decree so as to give him sole and exclusive custody of the couple's two sons, ages eight and seven. The District Court of the First Judicial District in and for Lewis and Clark County entered findings of fact, conclusions of law and an order in December 1987 finding no evidence that father is entitled to sole custody, retaining the dissolution decree's joint custody order, and granting primary custody to Rebecca West, the mother. We affirm the decision of the District Court.

The Wests' marriage was dissolved in January 1981. At that time they had one son and Rebecca was pregnant with the second. A review of the record indicates that the dissolution is bitter and the parties have had several clashes over exercise of the joint custody and visitation rights thereto. In July 1985, the father filed his original motion to modify the custody arrangement. This motion was prompted by Rebecca's insistence that the boys, who at that time were in the custody of their father, attend the ceremony at which she married her second husband. The father granted this visitation privilege, as well as one several days later, when the mother's family gathered to celebrate her remarriage. However, the sons were not returned to the father and he alleged that the mother and her new husband transported them to Iowa, a direct contravention of the District Court's prohibition of removing the children from the state. The mother, in turn, says she merely removed the children to her home in Flathead County, Montana. However, she does admit that she later moved her sons to Iowa to be

closer to her new husband, despite the District Court's temporary restraining order of July 9, 1985 prohibiting either party from removing the children from the state. She returned the children to their father after he protested their absence and paid their airfare. On December 12, 1985, the District Court granted temporary custody to the father.

A hearing was held on August 18, 1986, at which both sides presented evidence. At the conclusion of that hearing, the District Court established further guidelines for joint custody. He ordered that the boys were to be placed in primary custody of their father for the next six months. During this time, their mother, whose second marriage already had ended, was to establish residence in Helena, enjoy liberal visitation rights, enjoy primary custody of the boys for the last six months of the succeeding year, and work with the father to establish a practical and viable means of sharing custody. The mother did establish residency in Helena and did take custody of the boys at a point six months after the District Court's order. However, she then moved back to Flathead County, where she undertook employment with the United States Forest Service. Another hearing was held in the District Court on August 19, 1987, at which time the court considered the father's motion for sole and exclusive custody as well as heard testimony about a proper custody schedule under joint custody.

The law in Montana favors joint custody. See, § 40-4-222, MCA. In order to amend the original decree's award of joint custody, the father must show a change of circumstances under § 40-4-219, MCA, that represents such a serious physical, mental, moral or emotional danger to the children that a modification of custody would be in the children's best interest. Before the August 1987 hearing, the District Court specifically noted this burden and the

3

father's former counsel agreed that such was the burden borne by the father.

The father, acting pro se on his appeal from the District Court's denial of his motion for modification, argues:

1. the District Court erred in denying his motion;

2. the District Court erred in giving primary custody of the children to the mother;

3. the District Court erred in ordering him to pay $250 per month per child in support to the mother; and

4. the District Court erred in awarding the mother costs and attorney's fees of $2,250.

In addition, the mother enters a cross appeal asking that she be awarded damages and costs on appeal, pursuant to Rules 32 and 33(a), M.R.App.P., since the District Court in its December 13, 1987 order concluded that:

> 2. There has been no showing whatever that petitioner is entitled to sole custody and this entire proceeding must be viewed as an intentional course of harassment, delay, obstruction and abuse of process, highly detrimental to the best interest of the children.

The primary duty of deciding proper custody of children lies with the District Court and all reasonable presumptions as to the correctness of the District Court's determination will be made. In re the Marriage of Robbins (Mont. 1985), 711 P.2d 1347, 1350, 42 St.Rep. 1897, 1900; In re Gore (1977), 174 Mont. 321, 325, 570 P.2d 1110, 1112; Foss v. Leiffer (1976), 170 Mont. 97, 100, 550 P.2d 1309, 1311. We will not disturb the District Court's judgment unless there is a mistake of law or a finding of fact not supported by credible evidence amounting to an abuse of discretion. Solie v. Solie (1977), 172 Mont. 132, 137, 561 P.2d 443, 446.

4

Here the father claims the court erred by expressing its decision on modification of custody before Lowell Luke, a clinical social worker, had prepared his report on the homes of the mother and father or testified about the report. However, the issue as to whether this was proper is moot since counsel for the father had acceded to the court's decision to bifurcate the hearing and to proceed with the hearing on father's motion despite the unavailability of this witness. This Court will not hold a District Court in error for a procedure in which the appellant acquiesced at trial and to which he had not objected. Green v. Green (1978), 176 Mont. 532, 536, 579 P.2d 1235, 1237. Furthermore, no error lies here because counsel for the father withdrew at trial that portion of the father's petition seeking sole custody. The counsel for the father told the court he would "just as soon keep it [custody] joint." The appellant must stand or fall upon the grounds he used at District Court and may not assert new grounds on appeal. McAlpine v. Midland Electric Co. (Mont. 1981), 634 P.2d 1166, 1168, 38 St.Rep. 1577, 1580. Because the motion for sole custody was excised from the father's petition at hearing, it was not error for the District Court to note for the record that it had been removed.

Next the District Court considered where the children should live for the 1987-88 school year. It awarded primary custody to the mother with two and one-half months of primary custody for the father during the summer vacation as well as visitation periods on certain weekends and holidays. This decision is consistent with the report to the court of Lowell Luke, who reported in September 1987:

> My recommendation is that Rebecca be the primary parent during the school year with liberal visitation rights during holidays and summers for Ron. I think it

is imperative that the boys be in therapy. This will guarantee that their interests are kept in mind. They will need some help in understanding their feelings and situation they must cope with . . . What is important is that we build the emotional needs of the children into the process so that what is best for the boys will take precedence over the parents' issues.

Such a ruling is supported by substantial evidence that it would be in the children's best interest to reside with their mother during the entire school year since both children were having difficulty at school and the parents resided in different towns making 50-50 joint custody untenable. This does not appear to be an abuse of discretion considering the children's desire, expressed to various social workers, to live with their mother. Because there is not a clear preponderance against the court's findings, we will not disturb them. In re the Marriage of Cook (Mont. 1986), 725 P.2d 562, 565, 43 St.Rep. 1732, 1736.

Section 40-4-204, MCA, provides that the District Court may order either parent to pay a reasonable amount for support of the children after considering, inter alia, the financial resources of the children and the financial resources of the noncustodial parent. In this case, the court noted that the children would be living primarily with their mother, who earns $800 per month in seasonal employment as a forest worker and works as a waitress during other months. The father, on the other hand, collects $2,300 per month in disability payments from the Veterans Administration and Social Security. Such findings represent substantial credible evidence of the children's need for support and the father's ability to pay it. In re Marriage of Alt (Mont.

1985), 708 P.2d 258, 261, 42 St.Rep. 1621, 1626. No abuse of discretion is apparent.

Section 40-4-219(4), MCA, provides:

> Attorney fees and costs shall be assessed against a party seeking modification if the court finds that the modification action is vexatious and constitutes harassment. (Emphasis added.)

The father continually implied that the mother and her male associates were subjecting the children to sexual and physical abuse and not keeping the children clean. The proof as found in transcripts of the hearings was less than convincing. The District Court determined that the father's action was intended to harass, obstruct and delay the mother's rights to joint custody and was an abuse of process that was "highly detrimental to the best interest of the children." Whenever in a modification of custody proceeding the court finds harassment, the statute commands it to levy attorney's fees and costs against the proponent. That was properly done in this case.

The District Court's interpretation of father's motion as harassment developed after that particular court had approved the original dissolution of marriage decree and had presided over several hearings within a two-year time frame to determine if joint custody should be modified. We defer to the District Court's characterization of the motions as harassment because it was in a much better position to determine the merit, or lack thereof, in the father's motion.

Apart from the statute allowing an award of attorney's fees, the District Court also may award attorney's fees as equitable relief absent an abuse of discretion. In re Marriage of Hereford (Mont. 1986), 723 P.2d 960, 962, 43 St.Rep. 1508, 1510. There was no abuse of discretion here since the father, who receives monthly benefit checks for

total disability, was continually taking mother to court to challenge her interest in joint custody on charges that were so lacking that they were abandoned at trial.

Rule 32, M.R.App.P., allows this Court to tax the costs of a meritless appeal to the appellant. Such sanctions are allowed only when reasonable grounds do not exist for an appeal. Searight v. Cimino (Mont. 1988), 748 P.2d 948, 952, 45 St.Rep. 46, 52; Erdman v. C & C Sales, Inc. (1978), 176 Mont. 177, 184, 577 P.2d 55, 59. We have found no reasonable grounds for this appeal. This is borne out by the fact that the very heart of father's appeal, sole custody of the children, is inserted and withdrawn from this case with the regularity of a yo-yo. This is a meritless appeal designed to put the mother to the expense again of protecting her right to joint custody. We will have none of that.

We affirm and remand for determination of reasonable attorney's fees and costs on appeal.

Justice

We concur:

Chief Justice

Justices

8