No. 89-50

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

KIMBERLY A. MARTINEZ,

   Claimant and Respondent,

 -vs-

MONTANA POWER COMPANY,

   Employer/Defendant and Appellant.

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Robert T. O'Leary and Patrick Fleming, Montana Power Co., Butte, Montana

  For Respondent:

    Tom L. Lewis and John Seidlitz, Jr., Great Falls, Montana

Submitted on Briefs: Aug. 17, 1989

Decided: September 21, 1989

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves an award of attorneys' fees in a workers' compensation case. Defendant Montana Power Company (MPC) appeals the judgement of the Workers' Compensation Court awarding claimant Kimberly R. Martinez attorneys' fees for the wrongful termination of her temporary total disability benefits and conversion to permanent partial disability benefits. MPC failed to make a timely objection or rehearing request, and after filing a motion to reconsider the award still pending before the Workers' Compensation Court, now appeals the judgment to this Court. We affirm.

Appellant MPC raises a sole issue on appeal: Did the Workers' Compensation Court err in awarding attorneys' fees computed on the basis of 114.71 weeks of temporary total disability when MPC had paid permanent partial disability benefits during the disputed period?

Respondent Martinez raises a separate issue on appeal: Did MPC waive its right to appeal the order awarding attorneys' fees by failing to request an evidentiary hearing on attorneys' fees before the Workers' Compensation Court?

Claimant Martinez was injured on March 25, 1985 in the course and scope of her employment with MPC. As a result of her injury, Martinez received temporary total disability benefits paid biweekly by MPC, a plan I self-insurer. On August 20, 1986, MPC unilaterally determined that Martinez was capable of less strenuous employment and unilaterally reduced her temporary total benefits of $286 per week to permanent partial disability benefits of $143 per week. MPC reduced these benefits without giving Martinez the benefit of proper written notice as required by § 39-71-609, MCA, and with no medical evidence that Martinez had reached maximum healing or was capable of gainful employment. Martinez filed

2

a petition for hearing with the Workers' Compensation Court on June 10, 1987, alleging MPC had wrongfully terminated her biweekly temporary total disability benefits. The case was tried on October 15, 1987, and the Workers' Compensation Court entered its Findings of Fact, Conclusions of Law, and Judgment on October 31, 1988. The court found that the claimant had not reached maximum healing and was entitled to receive temporary total disability benefits retroactive to August 20, 1986, to continue for so long as she remained temporarily totally disabled. The court also ordered MPC to pay Martinez all contested medical, hospital, and related expenses incurred due to her injury and assessed MPC with a twenty percent (20%) penalty, in addition to reasonable costs and attorneys' fees pursuant to § 39-71-611 MCA.

The judgment ordered Martinez' counsel to submit within twenty (20) days a proposed order and supporting documentation specifying the amount of attorneys' fees claimed. The court's Judgment provided MPC with thirty (30) days to request an evidentiary hearing if MPC contested the reasonableness of the proposed attorneys' fees, such motion was to be accompanied by an affidavit and a statement of the grounds by which MPC asserted that the award was unreasonable. Martinez' attorney submitted the proposed order and supporting statement on November 18, 1988, serving copies of both on MPC. The statement of attorneys' fees noted that the attorneys' fee agreement between claimant and counsel provided for a contingent fee of thirty-three percent (33%) of the amount of compensation payments claimant received by order of the Workers' Compensation Court.

The temporary total disability benefits Martinez was awarded were computed by multiplying Martinez' temporary total disability rate of $286 by 114.71 weeks, the period of retroactive temporary total disability, for a total of

3

$32,807.06 retroactive benefits. A twenty percent (20%) penalty was assessed to this sum resulting in a total award of $39,368.47. The attorneys' fee awarded was calculated by multiplying this total by the contingent fee percentage of thirty-three percent (33%), resulting in an attorneys' fees award of $12,991.60. The court's Judgment of October 31 did not specifically provide MPC with a credit for the permanent partial disability benefits of $143 per week MPC paid biweekly during the 114.71 weeks in question. Likewise, the statement of attorneys' fees disregarded these payments made by MPC.

MPC did not request an evidentiary hearing to contest the attorneys' fee award within the thirty (30) day period as provided for in the court's Judgment of October 31, 1988. Nor did MPC object at any time to the amount of the retroactive benefits awarded, the penalty assessed, or the proposed order awarding attorneys' fees and costs. The Worker's Compensation Court awarded Martinez attorneys' fees of $12,991.60 on January 3, 1989 in accordance with the Proposed Order. On January 24, 1989, fifty-five (55) days after the deadline to request an evidentiary hearing and twenty-two (22) days after entry of the Order awarding attorneys' fees, MPC filed a Request for Reconsideration of the Order awarding attorneys' fees and costs. No affidavit was filed stating the grounds on which MPC contested the award and no evidentiary hearing was requested as required by the court's October 31 Judgment. Because the time for appeal was nearly exhausted, MPC filed its Notice of Appeal on January 31, 1989, before a hearing was held on its Request for Reconsideration. MPC has made a cash payment to Martinez of $16,403.53, the equivalent of $143 per week multiplied by 114.71 weeks, apparently crediting itself for the permanent partial disability benefits already paid during the period in

4

question. The time for appeal of the compensation award having expired, MPC has not appealed the calculation of the underlying compensation award nor the penalty assessed to it. Only the issue of the attorneys' fee computation is now before this Court.

First, we acknowledge that counsel for MPC presents a strong argument that the amount of attorneys' fees awarded was calculated improperly. MPC's argument also indicates that there may be some error in the underlying compensation award, however, that issue is not before this Court as MPC did not appeal the original Judgment, the thirty day limit to file a Notice of Appeal having expired with respect to the that Judgment. Second, although MPC makes a strong argument that the attorneys' fee award is incorrect, we note that MPC failed to request an evidentiary hearing as specified or raise a timely objection to the proposed award at any time during the course of the proceedings below.

It is a long established principle that only the issues properly raised and protected at the trial court level will be reviewed on appeal. Greger v. United Presstress, Inc. (1979), 180 Mont. 348, 590 P.2d 1121. Furthermore, this Court has held that issues not raised at the trial level before the Workers' Compensation Court will not be reviewed on appeal. McDanold v. B.N. Transport Inc. (Mont. 1981), 634 P.2d 175, 38 St.Rep. 1466. We will not hold a lower court in error for a procedure in which the appellant acquiesced at trial and to which he had not timely objected. In Re Marriage of West (Mont. 1988), 758 P.2d 282, 45 St.Rep. 1281. Because MPC failed to either timely object or request an evidentiary hearing contesting the Proposed Order awarding attorneys' fees, we are precluded from reviewing the correctness of the computation of that award.

5

MPC contends that they are not barred from appeal because the Workers' Compensation Court abused its discretion in awarding the attorneys' fees without crediting MPC for payments already made. MPC relies on two cases, Simkins-Hallin Lumber Co. v. Simonson (1984), 214 Mont. 36, 692 P.2d 424, and Wagner v. Empire Development Corp. (Mont. 1987), 743 P.2d 586, 44 St.Rep. 1606, in contending that this Court may always review an award of attorneys' fees by the lower court to determine whether or not there has been an abuse of discretion. This is an incorrect statement of the law. This Court will use the abuse of discretion standard when reviewing an award of attorneys' fees, Simkins-Hallin, 692 P.2d at 427, Wagner, 743 P.2d at 587, provided that the usual requirements of preserving the issue at the trial court level are met before the issue of attorneys' fees is raised on appeal.

MPC also contends that this Court may review the award of attorneys' fees regardless of their failure to object under the "plain error" doctrine. Under this doctrine, a trial or appellate court may take notice of plain errors affecting substantial rights although they were not brought to the Court's attention. Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169. The doctrine is used most frequently in criminal cases, where the fundamental rights of life and liberty are often at stake. It is used in civil litigation only in exceptional cases. Zimmerman v. Bozeman Products Assoc. (Mont. 1988), 759 P.2d 166, 45 St.Rep. 1387, Reno v. Erickstein (1984), 209 Mont. 36, 679 P.2d 1204. Furthermore, the plain error exception will not be applied where failure or refusal to raise an issue in trial court is conscious and intentional on the part of trial counsel. Halldorson, 175 Mont. at 174, 573 P.2d at 172. In its request for reconsideration, MPC's counsel stated:

> Attempts to resolve this particular issue (attorney fees) informally with Claimant's counsel have been unsuccessful. It is, therefore, necessary to request a reconsideration of the Claimant's attorney fee issue. . .

If MPC did attempt to settle the fee dispute with Martinez' counsel then MPC was aware of the alleged error and consciously chose to resolve the matter informally instead of preserving the issue with a formal objection. The "plain error" doctrine is clearly inapplicable in this case.

This case presents a conflict between the concepts of substantial justice and the requirements of timeliness. While the requirements of timeliness may act to the detriment of one party, they are necessary so that substantial justice may be afforded the other. MPC has presented a credible argument that the award of attorneys' fees was incorrect, yet MPC's failure to properly preserve the issue for appeal precludes us from disturbing the award. We cannot randomly except certain litigants from the requirements necessary for appeal when, through their own fault, they have failed to meet them.

We affirm the Workers' Compensation Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_William E. Hunter_

_R. C. Gulbrandson_

Justices