No. 89-51

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

LLOYD E. HARTFORD,

　　　　Appellant,

　　-vs-

FLORENCE YOUNG,

　　　　Claimant and Respondent,

BILLINGS PUBLIC SCHOOL DISTRICT, #2,
　　　　Employer,
EBI/ORION GROUP,
　　　　Insurer.

_____

APPEAL FROM: The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

　　For Appellant:

　　　　Vernon E. Woodward argued; Woodward Law Office,
　　　　Billings, Montana

　　For Respondent:

　　　　Mike McCarter argued; Hughes, Kellner, Sullivan &
　　　　Alke, Helena, Montana

_____

Submitted: September 25, 1989

Decided: November 14, 1989

Filed:

_____
　　　　　　　Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Attorney Lloyd E. Hartford appeals the Workers' Compensation Court's affirmation of an order by the Division of Workers' Compensation directing the appellant to forfeit all attorney fees related to his representation of claimant Florence Young. We affirm.

## ISSUES

1. Are section 24.29.3801, ARM (1985), and the administrative hearings held thereunder invalid because they are inconsistent with section 39-3-613, MCA, and the rule of Wight v. Hughes Livestock Co. (1983), 204 Mont. 98, 664 P.2d 303?

2. Did attorney Hartford's actions violate either section 39-3-613, MCA, or section 24.29.3801, ARM (1985), and thereby justify total forfeiture of attorney fees?

## FACTS

Florence Young submitted a claim for workers' compensation following an injury incurred during her employment as a housekeeper at Meadowlark Elementary School in Billings, Montana. In November of 1985, insurer EBI/Orion Group paid the claimant a lump sum advance of $2,500 and in December of 1985, paid a further advance of $1,000.

In February of 1986, Mrs. Young retained Lloyd E. Hartford agreeing to pay the attorney,

> (a) For cases that have not gone to a hearing before the Workers' Compensation Court, twenty-five percent (25%) of the amount of compensation payments the Client received due to the efforts of the attorney . . . .

The agreement also stated,

> 3. That as of the date of this Agreement, the Client has received benefits as follows: Amt. unknown and that no attorney's fees will be charged on the aforesaid amount.

2

The administrator of the Division of Workers' Compensation approved the agreement in compliance with section 24.29.3801, ARM (1985).

On April 24, 1986, with Hartford's assistance, Mrs. Young received an advance of $12,466.65 which included $2,493.33 for attorney fees. The following April, the insurer notified Mrs. Young that she had received $4,312.05 in overpayments because she was receiving Social Security benefits which the insurer was entitled to offset. Thereafter, Hartford negotiated a full and final compromise settlement which provided that, "the Claimant agrees to accept the sum of $58,275.00 . . . plus insurer's waiver of recovery of $20,278.70 overpayment and advance, for a total settlement of $78,553.70 . . . ."

Hartford calculated his attorney fees at $19,638.43, twenty-five percent of the final settlement, and submitted his claim to the Insurance Compliance Bureau. The claims examiner advised Hartford that it was inappropriate to charge for Mrs. Young's overpayments and advances, and ordered the insurer to retain the attorney fees until the matter was settled.

During the subsequent contested case on the attorney fees, Hartford argued that the overpayment and advances were debts which the insurer agreed to waive only because of his negotiation efforts. The hearing examiner rejected this contention and awarded $14,568.75 in attorney fees, twenty-five percent of the $58,275.00 in "new money" obtained in the final settlement.

The hearing examiner deducted $1,000 from the attorney fees after determining that Hartford violated section 39-71-613, MCA, and section 24.29.3801, ARM (1985). The hearing examiner found that Hartford charged the claimant fees based on benefits he had not obtained—specifically, the $1,000 and $2,500 advances, and the $4,312.05 overpayment. The examiner also found that Hartford charged the claimant twice on the $12,466.65 lump sum advance.

Hartford appealed this decision to the administrator of the Division of Workers' Compensation. The administrator agreed with the examiner's findings and conclusions with the exception of the $1,000 forfeiture. The administrator held that Hartford had blatantly overcharged his client and made an example of him by requiring forfeiture of all fees.

Hartford then requested judicial review by the Workers' Compensation Court. The court agreed with the administrator's decision noting that forfeiture of fees is mandatory under section 39-71-613, MCA. Hartford now appeals the Workers' Compensation Court's decision.

## VALIDITY OF THE REGULATION AND HEARINGS

The appellant argues that the workers' compensation regulation governing attorney fees is invalid because it is inconsistent with the statute under which it was promulgated and the factors set out by this Court in Wight v. Hughes Livestock Co. (1983), 204 Mont. 98, 114, 664 P.2d 303, 312.

Consideration of this issue is precluded by the appellant's failure to raise it at the trial court level. Both parties fully briefed and argued this case before the lower court, but the record shows no indication that the appellant attacked the validity of the regulation. As a general rule, this Court will not review issues not raised before the Workers' Compensation Court. Martinez v. Montana Power Co. (Mont. 1989), ___ P.2d ___, ___, 46 St.Rep. 1684, 1687.

## FORFEITURE OF FEES

We note at the outset that this Court is guided by the purpose of the workers' compensation statutes. That purpose is protection of the interests of the injured worker. North American Van Lines v. Evans Transfer and Storage (Mont. 1988), 766 P.2d 220, 223, 45 St.Rep. 1848, 1852.

4

The Montana workers' compensation statute on attorney fees provides:

> If an attorney violates a provision of this section, a rule adopted under this section, or an order fixing an attorney's fee under this section, he shall forfeit the right to any fee which he may have collected or been entitled to collect.

§ 39-71-613(3), MCA.

The workers' compensation regulation in effect when this case arose provided that an attorney may not charge:

> (a) for cases that have not gone to a hearing before the workers' compensation judge, a fee above twenty-five percent (25%) of the amount of compensation payments the claimant receives due to the efforts of the attorney.

§ 24.29.3801, ARM (1985).

Appellant Hartford argues that the Workers' Compensation Court erred in relying on the current version of the regulation, section 24.29.3802, ARM (1987), instead of the version which controlled at the time the dispute arose, section 24.29.3801, ARM (1985). The appellant is correct, but the error is harmless. For the purposes of this case, the regulations are essentially identical in wording and meaning.

Prior to reaching the Supreme Court, appellant Hartford argued that he did not violate the attorney fees regulation by charging Mrs. Young for the advances and overpayment. He asserted that they were debts which the insurer waived due to his negotiating efforts.

We agree that in workers' compensation cases, an attorney may bill for debts waived through the attorney's efforts. A waiver of debt is a benefit to the claimant obtained by the attorney and is fully compensable within the limitations of the attorney fees regulation.

5

The regulation limits compensation in at least two aspects. First, an attorney may not charge more than twenty-five percent of the compensation "the claimant receives." § 24.29.3801, ARM (1985). The regulation looks first to the claimant's recovery in capping attorney fees. Undoubtedly, an attorney may become involved in several distinguishable efforts in securing a single recovery for the client. In such cases, agency approval of increased fees may be appropriate. See § 24.29.3801(4), ARM (1985). However, absent such approval, the attorney may not bill more than twenty-five percent on each amount received by the client.

Second, the recovery must be "due to the efforts of the attorney." § 24.29.3801, ARM (1985). Whether the attorney's efforts brought about the waiver, as opposed to a voluntary waiver by the insurer, is a question of fact to be determined by the hearing examiner. See §§ 2-4-621(2), 2-4-623, MCA.

Appellant Hartford also argues that he made a mistake in calculating his fees and is being excessively punished for pursuing a good faith claim. We agree that a simple mistake in calculation should not result in total forfeiture of attorney fees. However, we do not agree that his is a good faith claim.

Hartford consistently and vehemently argued that he was entitled to additional attorney fees for Mrs. Young's advances and overpayments because they were debts the insurer waived through Hartford's negotiating efforts. He made this argument in a series of letters to Judge Reardon of the Workers' Compensation Court after Mrs. Young complained to the judge about Hartford's excessive fees. He maintained the same inflexible position before the hearing examiner, the administrator, and the Workers' Compensation Court.

6

Now before this Court, Hartford admits for the first time that he was not entitled to those fees, and asserts that he was merely mistaken in his calculations. If Hartford's former argument is incorrect at this appellate level, he should have known that it was incorrect at the agency level. We cannot credit Hartford with good faith in pursuing attorney fees under a theory which even he admits is without legal merit.

We agree with the Workers' Compensation Court that Hartford violated the regulation in at least two instances. First, Mrs. Young received the two advances totaling $3,500 prior to retaining Hartford. Those advances were settlements of future benefits owing to Mrs. Young and not debts she was required to repay. Charging for those benefits violates the regulation because, as appellant now admits, the claimant received those advances due to her own efforts and not Hartford's. Furthermore, the parties' agreement stated that the attorney would not charge for amounts previously received. To now label these advances debts waived through the attorney's efforts is at least a violation of their agreement.

Second, Mrs. Young received a $12,466.65 advance through Hartford's efforts, but he was paid $2,493.33 for those efforts. To now call this advance a waived debt would allow the attorney to charge a twenty-five percent fee in addition to the twenty percent fee already received.

We hold that attorney Hartford's attempts to overcharge the claimant are in violation of the attorney fees regulation and the purposes of the workers' compensation statutes. Total forfeiture of fees is required by section 39-71-613(3), MCA. As the Workers' Compensation Court noted, this is a harsh result considering that Mrs. Young received more than $58,000 through Hartford's efforts. However, the statute is clear and it is mandatory. Affirmed.

_J. A. Turnage_
Chief Justice

7

We concur:

_John Conway Harrison_

_Diane G. Barz_

_Fred J. Weber_

_William E. Hunt Sr._

_____
                Justices

_Frank I. Haswell_
Hon. Frank I. Haswell, Retired
Chief Justice, sitting in place
of Justice R. C. McDonough

Justice John C. Sheehy, dissenting:

This is indeed a harsh result. The biblical avouchment that the laborer is worthy of his hire applies even to lawyers.

I don't understand the majority opinion. It affirms that waiver of a debt owed by the worker to another, where the waiver is gained through the attorney's effort, is a benefit to the claimant for which the attorney should receive compensation. Then the majority assert that his compensation is limited to moneys "the claimant receives." The majority derive that clause from a regulation adopted by the Department. However the regulation itself is a departure from the language of the statute on which the regulation must depend. Section 39-71-613(2) provides the Department may regulate attorneys fees, but in so regulating, says the statute, the Department shall consider: "(a) the benefits the claimant gained due to the efforts of the attorney."

According to my dictionary (Webster's New Collegiate Dictionary (1981)) "receive" means "to come into possession of"; on the other hand, "gain" refers to "resources or advantage acquired or increased"; or again, "to cause to be obtained or given." Here, Mrs. Young did not receive money when the debts were forgiven; she gained an advantage in not having to pay the debts.

In Board of Barbers v. Big Sky College , Etc. (1981), ___ Mont. ___, 626 P.2d 1269, 1271, an administrative rule that required a year's apprenticeship in "a commercial babershop" prior to examination, when the statute required a year's apprenticeship served "under the immediate personal supervision of a licensed barber" was held invalid. In State ex rel. Swart v. Casne (1977), 172 Mont. 302, 308-309, 564

P.2d 983, 986, this Court struck down a rule of the Department of Health that defined "Occasional sale" in conflict with the statute on the same subject. Those cases should lead us here to say that the regulation, § 24.29.3801 (ARM (1985)) is an invalid restriction on the right of an attorney to be paid for his work under § 39-71-613(2), MCA.

Hartford, of course, is not entitled to attorney fees for the two advances totaling $3,000.00, nor for the advance of $12,466.65 for which he was paid. He was mistaken as to those items, but against those items must be weighed the threat, now actuality, that he should get _no_ fees for his successful representation of his client. The positions of the Department and Hartford hardened, and vengeance set in. He _gained_ for his client, according to my calculations, $63,087.05, for which he was entitled to $15,771.76 in attorney fees. A loss of that amount is a very severe jolt to an attorney whose livelihood depends on success, and losers are loss items. Hartford is being punished for daring to stand up to the Department and to insist on his rights.

I can't think of a criminal case in our state where a fine exceeding $15,000.00 was ever assessed. Hartford is being treated worse than a criminal.

I would order payment to Hartford of his rightfully earned attorney fees.

_John C. Shelby_
_____
Justice