No. 89-307

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

-------

IN RE THE MARRIAGE OF
ROXY L. ANDERSON,

        Petitioner and Appellant,

    and

ARVID W. ANDERSON,

        Respondent and Respondent.

-------

APPEAL FROM:  District Court of the Seventh Judicial District,
               In and for the County of Dawson,
               The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Kevin T. Sweeney; Sweeney & Healow, Billings, Montana

    For Respondent:

        Greg W. Hennessy; Bjella, Neff, Rathert, Wahl & Eiken,
        Willistown, North Dakota

-------

Submitted on Briefs:  Oct. 25, 1989

Decided:  December 20, 1989

Filed:

FILED

'89 DEC 20 PM 4 04

ED SMITH CLERK
MONTANA SUPREME COURT

_____
        Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from an order by the District Court, Seventh Judicial District, Dawson County, Montana, modifying a custody order. Roxy Anderson Denning appeals. We affirm.

The issues presented for our review are:

1. Does substantial credible evidence support the District Court's findings of fact in regard to modification of custody pursuant to § 40-4-219(1), MCA?

2. Does the petition for modification of custody meet the jurisdictional requirements of § 40-4-220, MCA?

Mr. Arvid W. Anderson (father) and Ms. Roxy L. Anderson Denning (mother) were married in 1968. They had three sons, Duane, Kory and Shane. Father and mother were divorced in 1985. The divorce decree granted joint custody, with residential custody to mother. Mother and the children have since resided in Glendive, Montana, and mother is remarried to Mr. Michael Denning. Father moved to Williston, North Dakota, and married his present wife, Carol Anderson, in April 1988.

Father exercised his visitation rights regularly after the divorce. In the summer of 1988 the two younger sons expressed a desire to live with father. At this time Duane was 18, and Kory and Shane were 13 and 11, respectively. When mother did not agree to this suggestion, father filed a petition for modification of custody, requesting that the two younger sons be allowed to live with him and his new wife in Williston, North Dakota. The older son was approaching his senior year in high school and elected to stay in Glendive, Montana, to finish his schooling.

After a hearing, the District Court granted father's petition. Mother appeals.

I

Does substantial credible evidence support the District Court's findings of fact in regard to modification of custody pursuant to § 40-4-219(1), MCA?

This Court's standard of review of a custody order is whether the district court's findings of fact are supported by substantial credible evidence. In re Marriage of Morazan (Mont. 1989), 772 P.2d 872, 874, 46 St.Rep. 814, 817. District court findings of fact will be overturned only if clearly erroneous. Rule 52(a), M.R.Civ.P.

Modification of a prior custody decree is governed by § 40-4-219, MCA, which provides in pertinent part:

> Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
>
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him:
> (d) the child is 14 years of age or older and desires the modification;

Pursuant to § 40-4-219(1), MCA, the court must find that a change has occurred in the circumstances of the child, that the modification is in the best interests of the child, and that the requirement of one of the subsections is satisfied. In the present case father contends that subsection (c) is satisfied in that the children's environment in mother's home seriously endangers the children's physical, mental, moral or

3

emotional health and that the advantage of a change would outweigh any harm. Father also notes that his son, Kory, is now 14 and may choose his residential parent pursuant to subsection (d).

On December 21, 1988, the District Court held a hearing on father's motion. The court heard testimony from all parties concerned, including father and his new wife, mother and her new husband, and the older son, Duane. The court interviewed the two younger sons, Kory and Shane, in chambers without any other parties present.

In substance, the District Court found that the presence of the stepfather, Michael Denning, had created a "hostile, seige-like" environment in the home, partially because of Mr. Denning's alcohol consumption. When Mr. Denning consumes alcohol he becomes angry and yells at the boys. The boys spend increasing time in their rooms in order to avoid the stepfather. Mr. Denning has been verbally abusive, and threatened to take the older son out and hit him. He has mistreated the children's dog, both throwing and kicking it. The court noted that Mr. Denning had previously been through alcohol treatment and had recently instigated two bar fights. On one occasion, when Mr. Anderson came to visit his sons, Mr. Denning slammed the door in his face.

At the hearing the District Court also found it significant that Kory would be 14 years old on January 24, 1989, and would at that point be able to choose his residential parent, and that Shane expressed the desire to remain with his brother Kory.

In its order modifying custody, the court concluded that the remarriage of the mother which had caused the boys to feel like strangers in their own home was a change in circumstances and that custody modification was in the boys' best interests. It further concluded that the boys' present

4

environment seriously endangered their mental, moral, emotional and perhaps their physical health.

Mother contends that these findings are not supported by substantial credible evidence, and alternatively that they do not satisfy the "serious endangerment" standard as required by the statute. Our review of the record, however, reveals substantial credible evidence to support the District Court's findings. Testimony by all three children supported the court's findings on the home environment, the stepfather's drinking, and their apprehension of him. The children confirmed the abusive treatment of their dog. Kory and Shane stated their desire to live with their father and new stepmother.

We further conclude that these circumstances satisfy the statutory requirements. The presence of the stepfather in the home and the consequent change in the home environment to one of strained relations and apprehension satisfies the requirement of changed circumstances. The modification of custody is in the best interests of the children since they both desire to live with their father, and feel very comfortable with their new stepmother. The children's fear of their stepfather, heightened by his drinking episodes, the hostile home environment, and the potential for physical abuse, is sufficient to meet the standard of serious endangerment. Marriage of Morazan, (evidence of mother's unstable lifestyle, combined with allegations that stepbrothers had sexually abused M.M., was sufficient to meet custody modification standard); In re Marriage of Cole (Mont. 1988), 763 P.2d 39, 45 St.Rep. 1965, (evidence that children feared their father and that living with him was an extremely unhappy experience, creating stressful home environment, was sufficient to modify custody); In re Marriage of Cook (1986), 223 Mont. 293, 725 P.2d 562, (evidence of mother's attempt to stifle children's

5

relationship with father and her interference with communication with father was sufficient to modify custody); In re Marriage of Stout (1985), 216 Mont. 342, 701 P.2d 729, (evidence of mother's lack of stability and fact that she had been arrested for driving under the influence with child in car, was sufficient to support trial court's order modifying custody); In re Custody of Dumont (1985), 216 Mont. 118, 700 P.2d 167, (evidence that child was subjected to harsh, repeated, inappropriate and excessive physical discipline and exhibited signs of fear of stepfather was sufficient to meet standard).

In cases involving custody of children, it is particularly important that an appellate court defer to the district court, which is able to personally evaluate the testimony of the children and other witnesses. We do not attempt to judge the facts based on a cold record. In this case, involving present abuse, and the potential for future abuse by someone with an alcohol problem, we underscore the reliance that an appellate court places on the district court. In re Marriage of West (Mont. 1988), 758 P.2d 282, 285, 45 St.Rep. 1281, 1283; Connolly v. Connolly (1984), 209 Mont. 198, 305-06, 680 P.2d 568, 572; Malcolm v. Malcolm (1982), 196 Mont. 477, 478, 640 P.2d 450, 451. We conclude that substantial credible evidence supports the District Court's findings, and that the statutory requirements for modification of custody were met. We affirm the order by the District Court.

II

Does the petition for modification of custody meet the jurisdictional requirements of § 40-4-220, MCA?

Before the district court may grant a hearing on modification of custody, the party seeking modification must submit an affidavit pursuant to § 40-4-220(1), MCA, which provides:

6

Affidavit practice. (1) A party seeking a temporary custody order or modification of a custody decree shall submit, together with his moving papers, an affidavit setting forth facts supporting the requested order or modification and shall give notice, together with a copy of his affidavit, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, in which case it shall set a date for hearing on an order to show cause why the requested order or modification should not be granted.

In the present case, father provided the District Court with an affidavit stating that the boys had always expressed a desire to reside with him, but that this expressed desire "has now reached such a degree that the youngest boy has said he is willing to give up the friends he has in Glendive in order to move to Williston." He stated that the boys repeatedly express to him a lack of "feeling at home" in Glendive, possibly resulting from the strained relationship with the new stepfather. He stated the boys perceive their present homelife as "uncomfortable." He noted that they have cousins their age in North Dakota. Mother contends that this affidavit failed to establish adequate cause for a hearing, which is the preliminary jurisdictional requirement.

There must be substantial compliance with the procedures set forth in § 40-4-220(1), MCA, in order to insure that all parties have notice and an opportunity to respond. Marriage of Stout, 701 P.2d at 732. In Marriage of Stout a verified petition averred that the mother had a severe drinking problem and had taken the minor children from the court's jurisdiction without notice to the father. This Court concluded that these averred facts, combined with allegations that the mother's living situation had changed and it would be in the children's best interests to live with the father,

7

were sufficient to confer jurisdiction upon the District Court. In the present case, we conclude that father's affidavit stated facts constituting adequate cause for a hearing and the District Court properly assumed jurisdiction.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices


Justice R. C. McDonough did not participate in this opinion.