JUSTICE BARZ,
dissenting:
I would reverse and remand this case for further consideration of evidence concerning Ivan Hoodenpyle’s fitness to serve as residential custodian of Sheila and Mitchell.
Appellant Sue Fey met the jurisdictional test of sec. 40-4- 219(1), MCA, justifying the District Court’s determination of a modification of custody. Both the majority in this opinion and the District Court focused on the least significant and most superficial issue raised in regard to the potential for serious endangerment to these children: Respondent’s ability as a housekeeper.
The majority disregards evidence of respondent’s abuse of various chemical substances. Respondent reportedly had difficulty relating to the children of a woman he lived with for an extended period prior to marrying appellant. These difficulties extended to respondent’s verbal abuse of the children, a pattern carried out in his treatment of Sheila and Mitchell during the home investigation conducted by Jan Schindell. Respondent further has a history of do *349 mestic abuse, and was once arrested on such a charge. There is evidence respondent repeatedly left Mitchell and Sheila in the care of Ron Latin who was recently convicted of selling illegal drugs. Respondent demonstrated marked bitterness and hostility toward appellant and refused to desist in his criticism of her in the presence of the children even when requested to do so by the social worker. Appellant indicates that respondent has interfered with her visitation. The respondent in fact requested that the lower court reduce her visitation to one weekend per month. While there is evidence of the children’s good physical health and acceptable appearance, I would point out that Sheila and Mitchell spent every other week with appellant during the time period in which Jan Schindell conducted the home study. The home study indicates appellant’s home is comfortable and the environment stable and nurturing. Sheila and Mitchell appeared to relate well to their step-father and baby sisters.
Respondent’s substance abuse, his history of domestic violence and verbal abuse create a very real potential for the serious endangerment of the physical, mental and emotional well-being of these young children. Having leapt the jurisdictional hurdle, the District Court must consider the best interests of the children. In this case, their best interests certainly lies with appellant. The potential for harm far outweighs the negative impact of a change in custody mitigated in any event by the rotating visitation schedule.
Recently we held that when a step-parent’s verbal hostility coupled with periodic substance abuse created an unpleasant home environment the District Court properly modified custody. In re the Marriage of Anderson (Mont. 1989), [240 Mont. 316,] 783 P.2d 1372, 46 St.Rep. 2155. The only physical abuse alleged in that case was committed by the step-parent against the family dog. The facts of the instant case give more immediate and compelling cause for concern.