No. 89-360

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

IN RE THE MARRIAGE OF
ALAN MORRISON HAY,

        Petitioner and Appellant,

    and

HELEN LOUISE HAY,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
              In and for the County of Flathead,
              The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gregory E. Paskell, Kalispell, Montana

    For Respondent:

        M. Dean Jellison, Kalispell, Montana

---

Submitted on Briefs: Jan. 4, 1990

Decided: February 15, 1990

Filed:

_____
Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This appeal arises from an order modifying custody by the District Court, Eleventh Judicial District, Flathead County, Montana. Mr. Hay appeals. We affirm.

The sole issue presented for our review is whether the District Court erred in modifying a custody order.

Alan and Helen Hay were married on April 10, 1978. Their daughter, Heather, was born on May 10, 1980. Mr. Hay was manager of Desert Mountain Forest Products, Inc. William Hay, the brother of Alan Hay, was owner of Desert Mountain Guest Ranch. As an incident of his employment, Mr. Alan Hay and his family resided at this ranch, which is located near West Glacier, Montana.

In September 1985, Mr. Hay filed for dissolution. A decree of dissolution was entered by default on October 23, 1985. The decree awarded sole custody of Heather to Mr. Hay. On November 6, 1985, Ms. Hay filed a motion to set aside the default. In this motion Ms. Hay alleged that Mr. Hay "lulled" her into allowing the default to be entered, and also that he misrepresented the marital estate. The court held a hearing on this motion on February 28, 1986, and determined that Ms. Hay's allegations were unsubstantiated. Accordingly, the motion to set aside the default was denied. However, the court's conclusions of law stated, "Custody of

the minor child may be reviewed by the court upon a proper application pursuant to § 40-4-219 et seq." The court issued its order denying the motion on January 12, 1987.

After the dissolution, Ms. Hay continued to reside at the ranch. Initially, Mr. Hay agreed that Ms. Hay could live at the ranch while she became recertified as a hairdresser. After obtaining recertification, Mr. Hay requested that Ms. Hay vacate the premises. However, Ms. Hay refused to move. Because Mr. and Ms. Hay continued to reside in the same residence after the dissolution, their relations became very strained, occasionally resulting in physical violence. On one occasion law enforcement was called to intervene. The child, Heather, witnessed these altercations.

On February 2, 1987, Ms. Hay filed a motion to modify the decree, by changing the custody arrangement to joint custody. In an affidavit in support of the motion, filed pursuant to § 40-4-220, MCA, Ms. Hay alleged that she had been primary caretaker of Heather since the dissolution, and that severe tension existed under the present circumstances which had an adverse psychological impact on the child. Mr. Hay filed an affidavit in opposition to the motion. The District Court found that the affidavits presented facts demonstrating a possibility that the child's environment seriously endangered her mental or emotional health. It therefore ordered a hearing on the matter.

A hearing was held on April 14, 1987. At this hearing both parents testified, as well as the deputy sheriff for Flathead County. The court interviewed Heather privately. All parties confirmed the tension and physical violence which had erupted as a result of the living arrangement. After this hearing, on May 26, 1987, the court entered findings of fact and conclusions of law, noting the severe family problems, including physical violence. The court ordered Ms. Hay to vacate the ranch and establish her own residence. It determined that custody of Heather should remain with Mr. Hay, subject to liberal visitation by Ms. Hay, pending a final hearing on the merits. The court also ordered Family Court Services to counsel both parties and prepare a report for the court. Additionally, the court stated that all other matters would be held in abeyance pending a final hearing and order.

On October 19, 1988, the court held a final hearing on the motion to modify custody. At this hearing testimony was taken from Mr. and Ms. Hay, several friends and relatives, and again the court interviewed Heather privately. At this time the court also had for its consideration reports from Family Court Services.

On March 6, 1989, the District Court issued its final order, modifying the custody to joint custody, with Ms. Hay as residential parent, allowing liberal visitation to Mr.

4

Hay. The court determined that both Mr. and Ms. Hay were suitable parents, and that during the two years in which the proceeding had been in progress the child had resided with her father, yet expressed a strong desire to live with her mother. The court determined that Ms. Hay had established a comfortable, neat home and that joint custody would be in Heather's best interest. Mr. Hay contends that the court erred in making this modification of custody.

The statute governing modification of custody, § 40-4-219, MCA, provides in pertinent part:

> Modification. (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
>
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him[.]

According to this statute, prior to modifying custody, the court must find that "a change has occurred in the circumstances of the child, that the modification is in the best interests of the child, and that the requirement of one of the subsections is satisfied." Marriage of Anderson (Mont.

5

1989), 783 P.2d 1372, 1373, 46 St. Rep. 2155, 2157. In the present case the District Court determined that subsection (c) was satisfied, in that the child's present environment seriously endangered her mental and emotional health, and that the advantages of a change of environment outweighed the harm.

Mr. Hay contends that the District Court misapplied the statutory requirement of "serious endangerment." He contends that Ms. Hay created the environment which seriously endangered her daughter's welfare, by her refusal to vacate the ranch. He contends that Ms. Hay cannot premise the need for a change in custody based on a dangerous environment which she has created.

In addressing this contention, we first note that although the District Court determined that the residential arrangement, wherein Mr. and Ms. Hay continued to live together after the divorce, was the cause of the tense environment, the court did not place the "blame" for this situation on either party. Further, the statute itself is neutral as to the cause of the detrimental environment. We conclude that the District Court did not misapply the finding of serious endangerment.

Mr. Hay further contends that the District Court failed to make a finding of changed circumstances, as required by the statute. Mr. Hay relies on In Re Custody of Andre (Mont.

6

1988), 761 P.2d 809, 45 St.Rep. 1745, for the holding that a finding of changed circumstances must be made by the court. In the case of In Re Custody of Andre the child had resided with the mother for nine years. On a motion to modify custody the District Court awarded custody to the father. We remanded for a determination of whether a change of circumstances had occurred, or whether an exception existed whereby a change of circumstances need not be shown. In re Custody of Andre, 761 P.2d at 812. This Court noted the purpose of the changed circumstances rule, quoting Burchard v. Garay (1986), 42 Cal.3d 531, 229 Cal.Rptr. 800, 724 P.2d 486, as follows:

> The changed-circumstances rule is not a different test, devised to supplant the statutory test, but an adjunct to the best-interest test. It provides, in essence, that once it has been established that a particular custodial arrangement is in the best interests of the child, the court need not reexamine that question. Instead, it should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest. The rule thus fosters the dual goals of judicial economy and protecting stable custody arrangements. (Citations omitted.)

In re Custody of Andre, 761 P.2d at 811.

The requirement of changed circumstances applies even where the initial custody determination was made by a default decree, as it was in this case. "Whether the order respecting custody has been granted after a full adversary

7

proceeding or after a default divorce, as in this case, the considerations are the same." Svennungsen v. Svennungsen (1974), 165 Mont. 161, 166, 527 P.2d 640, 643. However. in Svennungsen we also stated:

> We do not want to be understood as implying that a substantial change in circumstances would be required as a threshold finding in every factual situation before the issue of custody could be litigated on a petition to modify custody. Although the case is not before us, we would be receptive to the proposition that a showing of unfitness on the part of the person having custody, or some other justifiable grounds, might suffice and, despite a failure to show a substantial change of circumstances, enable the district court to consider the issue of custody on a petition to modify custody.

Svennungsen, 527 P.2d at 643.

From our review of the record it is clear that the severe tension and hostility between Mr. and Ms. Hay arose after the dissolution, and was not contemplated by the parties or by the court at the time the decree was entered. The strained relations between Mr. and Ms. Hay constituted changed circumstances. Thus Mr. Hay's contention that there were no changed circumstances fails factually.

In this case the District Court very carefully and extensively considered the motion to modify custody. It held two separate hearings on the matter, and considered reports by Family Court Services. We conclude that the District Court properly applied the statutory factors to the facts of

8

this case. We affirm the District Court in its modification of the custody arrangement to joint custody.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9