No. 91-269

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

IN RE THE MARRIAGE OF
EILEEN THOMAS, f/k/a/ EILEEN McDANOLD,

      Petitioner and Respondent,

  and

PAUL DOUGLAS McDANOLD,

      Respondent and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        Gary Ryder, Attorney at Law, Sidney, Montana

      For Respondent:

        Dennis Corbin, Attorney at Law, Miles City, Montana

Submitted on Briefs: June 25, 1992

Decided: August 13, 1992

Filed: AUG 13 1992

CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Paul Douglas McDanold appeals from an order of the Sixteenth Judicial District Court, Rosebud County, modifying the custody decree. We affirm and remand in part.

The following issues are presented on appeal:

1. Whether the District Court erred in considering Eileen Thomas's petition for modification of custody:

2. Whether the District Court erred in modifying the custody award: and

3. Whether the District Court erred in ordering Paul McDanald to pay child support to Eileen Thomas.

Paul Douglas McDanold (McDanold) and Eileen McDanold a/k/a/ Eileen Thomas (Thomas) were divorced on July 1, 1986. McDanold was awarded sole custody of the couple's only minor child, Derek John McDanold. The decree of dissolution provided for liberal visitation. Thomas moved to North Dakota for a time, but subsequently returned to Montana. Testimony at the hearing provided that Derek spends 50 to 60 percent of the time with his mother, and the remaining time with his father. Testimony revealed Derek enjoyed spending time with both his parents and that he was doing exceptionally well in school. At the time of the hearing in 1989 Derek was eight years of age.

In January of 1989, Thomas sought modification of the original custody decree with the District Court. On February 9, 1989, the District Court granted Thomas's order as to whether adequate cause existed to modify the custody and child support provisions of the

decree. On June 9, 1989, a non-jury hearing was held on Thomas's motion to modify. On March 12, 1991, the District Court modified the original custody decree, providing the parties with joint custody, with Thomas as primary residential custodian. This appeal followed.

Our standard for reviewing a district court's findings regarding modification of custody and whether a party has met the criteria of § 40-4-219, MCA, is whether the findings are supported by substantial credible evidence. District court findings of fact will only be overturned if clearly erroneous. Marriage of Moseman (1992), ___ Mont. ___, 830 P.2d 1304; In re Marriage of Anderson (1989), 240 Mont. 316, 783 P.2d 1372.

I

Whether the District Court erred in considering Eileen Thomas's petition for modification of custody.

The District Court determined that adequate cause existed to hold a hearing on Thomas's motion to modify. Thomas raised concerns that McDanold abused alcohol which effected the physical, mental, and emotional health of the child. Thomas raised further concerns that Derek was making the decisions as to which parent he wanted to stay with. Section 40-4-220(1), MCA, requires a court to find "adequate cause for a hearing" in determining modification. The Commissioner's Note to § 40-4-220, MCA, provides that the procedure for seeking a modification in custody is by motion with supporting affidavits. The procedure is meant to discourage contests over temporary custody and prevent repeated or

3

insubstantial motions for modification.  We held in In re Marriage of Anderson **(1989), 240** Mont. **316, 783** P.2d **1372,** that averred facts and allegations are sufficient to constitute adequate cause for a hearing.

In the present case, the affidavits submitted by Thomas were sufficient for the District Court to find adequate cause for a hearing.  We therefore affirm the District Court on this issue.

II

Whether the District Court erred in modifying the custody award.

The District Court modified the original custody decree.  It granted the parties joint custody of Derek, with Thomas as the primary residential custodian.  The District Court found that McDanold agreed to joint custody at the hearing.

Section **40-4-219,** MCA, provides in part:

(1)  The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has  occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:

(a) the custodian agrees to the modification:

(b) the child has been integrated into the family of the petitioner with consent of the custodian;

. . .

At the hearing McDanold was ambivalent as to whether he agreed to joint custody.  He stated he had no problems with a joint custody arrangement, then later he stated he felt there was no need for a

4

change in the custody arrangement and that the current custody arrangement was working well. However, he said he opposed his ex-wife as the primary residential custodian. Therefore, it appears (1)(a) of § **40-4-219,** MCA, is not satisfied.

Thomas argues that Derek spends 50 to **60** percent of the time with her and that Derek often makes the decision as to which parent he wants to stay with. Thomas contends a more formal visitation would be best, and that an eight year old should not be making the custody decisions. What we have before us is a case which began as a sole custody arrangement with the father, but through liberal and cooperative visitation, has evolved into a 'joint custody' arrangement.

Evidence presented at the hearing showed Derek spent 50 to 60 percent of his time with his mother. On the facts before us, the District Court could find that Derek was integrated into the family of Thomas with the consent of McDanold. As we said in In re Marriage of Paradis **(1984), 213** Mont. 177, **689** P.2d **1263:**

> The integration standard of subsection (1)(b) of Section **40-4-219** is intended to provide a child with continuity and stability where a sole custodian under the Uniform Act has freely relinquished his or her right to physical custody so frequently or for so prolonged a period that the child has become settled and established in the home of the noncustodial parent.

Paradis at 180, **689** P.2d at **1265.** However, there is a twist to this case, the integration occurred but not to the exclusion of McDanold's family relationship with Derek.

In re Marriage of Bolton **(1984), 212** Mont. **212, 690** P.2d **401,** we said:

5

> The consent requirement of [(1)(b)] is intended to ensure that the custodian acquiesced in the transfer of physical custody . . . and the integration into the family of the petitioner and should be viewed in that narrow context.

Bolton at 221, 690 P.2d at 405. In Bolton the mother lived in California and the father lived in Montana. The child spent 12 of the last 18 months in Montana with the father and attended school in Montana. We found that the voluntary transfer of the child's physical custody from the custodial to the non-custodial parent results in the child's integration, satisfying the consent requirement of § 40-4-219(1)(b), MCA. Bolton at 221, 690 P.2d at 405.

In the case before us the parties were divorced in July of 1986. McDanold was awarded sole custody of Derek. Thomas moved to North Dakota, but returned in approximately a year and a half. After her return she attended taxidermy school in Denver, and was absent from Montana for a few months. She now runs a taxidermy shop with her boyfriend. Since Thomas returned to Forsyth, she and McDanold set a pattern of a very liberal visitation schedule. Derek goes to his mother's shop after school and on Saturday mornings when his father is working.

We note that the District Court made no findings of fact and conclusions of law under § 40-4-219 (1) (b), MCA. Therefore, we remand to the District Court for findings of fact and conclusions of law relative to integration and for judgment on this matter.

## III

Whether the District Court erred in ordering Paul McDanold to pay child support to Eileen Thomas.

The District Court found that Thomas provides the majority of support for Derek. The District Court applied the Uniform Child Support Guidelines to the facts and ordered McDanold to pay $60.55 per month in child support to Thomas.

Section 40-4-208, MCA, governs modification of child support:

> (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification.

> (2)(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable.
> . .

Thomas's petition for modification requested $150.00 a month in child support. Thomas alleged she provides 80 percent of the support to Derek including medical care, clothing and school lunch tickets. McDanold testified that he provided Derek with clothing, food, health insurance, in addition to his monthly rental expenses and cable TV. Discovery documents reveal that McDanold believes that he provides at least *50* percent of the child's support. No expended amounts were given as to some of the items of support.

The District Court found that at the time of the hearing McDanold was making approximately $19,800.00 a year, and Thomas was making $8000 a year. However, Thomas testified she was making

7

$20,000 a year as a taxidermist. She and her live-in boyfriend make a combined income of $60,000 a year.

We do not find substantial evidence in the record to support the District Court's determination of support. We remand to the District Court for appropriate fact finding on the issue of support and determination of the same. We request the District Court to expeditiously conclude this matter.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

**8**

August 13, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Gary A. Ryder
Attorney at Law
P.O. Box 1172
Sidney, MT 59270

J. Dennis Corbin
Brown, Huss & Corbin
P.O. Box 128
Miles City, MT 59301

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy